JOHN J. P. READ, RESPONDENT, *v.* THE BANK OF ATTICA, APPELLANT.

*Certificate of deposit payable on demand without interest — subsequent promise to pay interest thereon, enforceable — deposit made by an agent is recoverable by his principal.*

A certificate of deposit, given by a bank for money deposited with it, did not contain any provision for the payment of interest.

In an action brought to recover the amount of such certificate, with interest, from the bank, the holder of the certificate was permitted to prove that after the certificate was made out and handed to him at the cashier's counter, he discovered that no rate of interest was mentioned in the certificate, and called the attention of the cashier to the fact, who then promised to allow three per cent. on the deposit if it remained for any length of time.

*Held*, that as the certificate was payable on demand, and the money could have been withdrawn at any moment by the payee of the certificate, the promise was conditional and executory, and that as the payee allowed the money to remain with the bank for several years thereafter, the promise was based upon a good consideration.

That evidence offered, to show this oral agreement, was competent.

The bank offered to prove that the money when deposited, was the money of a third party, which had been received by the plaintiff in the action as her agent, and had been deposited by him in his own name; that the certificate of deposit, in fact, belonged to her, and that a demand had been made on her behalf for the payment of the certificate.

*Semble*, that the circumstance that the plaintiff deposited the money in his own name did not give him, as against the original owner, any right or title to the same; that as long as money or property belonging to the principal, or the representative thereof, may be traced and distinguished in the hands of the agent, or his representatives or assigns, the principal is entitled to recover it unless it has been transferred for value without notice.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of Erie on the 8th day of July, 1889, upon the verdict of a jury, rendered at the Erie Circuit, for the sum of $5,498.18.

*Spencer Clinton*, for the appellant.

*O. O. Cottle*, for the respondent.

BARKER, P. J.:

This action was brought to recover a sum of money deposited by the plaintiff with the defendant. The facts are stated in a bill of

exceptions. The deposit was made by the plaintiff in person, and the defendant, at the time the same was made, issued to him a certificate in this form: "Buffalo, March 25, 1879. J. J. P. Read has deposited in this bank four thousand one hundred and fifty-two and sixty-four one hundredths dollars, payable to the order of J. J. P. Read on return of this certificate," which was signed by the cashier and teller of the bank. The complaint alleged the making of the deposit and a demand for its repayment, which was refused by the defendant, no reference whatever being made to the issuing and delivery of the certificate. The defendant, in its answer, admitted the making of the deposit by the plaintiff at the time and for the sum stated, and set up a delivery of the said certificate, and then averred that the certificate was not in the possession of the plaintiff, but that it was in the actual possession of one Rockwell, who claimed to be the owner and entitled to the moneys payable thereon. In a separate answer it is also alleged that the plaintiff was not in possession nor the owner of the certificate, but the same was by him, before the beginning of this action, transferred to one Mrs. Rockwell, now deceased, whose executor, George W. Rockwell, is now in possession thereof, claiming to be the owner and holder of the same, and to be the owner of and entitled to the moneys so received by the defendant on deposit from the plaintiff, and that the said Rockwell, as such executor, had demanded of the defendant the payment of the moneys to himself. On the trial, the certificate was produced by Rockwell, not voluntarily, but as a witness in the plaintiff's behalf, who attended in obedience to a subpœna *duces tecum.* When produced, the certificate was not indorsed by the plaintiff, and after making some oral proof as to the agreement of the defendant to pay interest on the deposit, the plaintiff rested. The defendant then offered to prove that the money, when deposited, was the money of Mrs. Rockwell, and was received by the plaintiff as her agent and deposited in his own name, and that the certificate of deposit, in fact belonged to her; and that demand has been made upon the defendant by the persons representing her estate for the payment of the certificate.

If the facts are as the defendant claimed them to be, and offered to show by proper evidence, the plaintiff, when the deposit was made, held the funds as the agent or trustee of his sister, Mrs. Rockwell, and

in justice and equity they belonged to her personal representatives, or those who may have otherwise succeeded to her personal estate. The circumstance that the plaintiff deposited the money in his own name does not give him, as against the real owner, any right or title to the same. (*Van Alen* v. *American Nat. Bank*, 52 N. Y., 1; *Viets* v. *Union Nat. Bank of Troy*, 101 id., 563.)

This proposition is based upon the principle, well settled, viz.: That so long as money or property belonging to the principal or the proceeds thereof may be traced and distinguished in the hands of the agent or his representatives or assignees, the principal is entitled to recover it unless it has been transferred for value without notice. As the defendant failed to prove that the certificate was indorsed by the plaintiff, or that he transferred the same by assignment or otherwise to Mrs. Rockwell as her property, the defendant's position cannot be maintained unless he is able to show that the funds deposited were the funds of his sister, Mrs. Rockwell. The whole defense rests for its support upon this contention of the defendant. Assuming that to be true, then, in an action in proper form, with all the necessary parties before the court, the principal could recover the moneys from the bank; and we also think that if the bank had, before the commencement of this action, paid the moneys to the true owner in discharge of its liability, it would have been a perfect defense to this action. (*Van Alen* v. *American Nat. Bk., supra*.)

If the facts which the defendant offered to show had been properly pleaded and proved, then the legal proposition would have been presented whether in this action, founded on the defendant's promise, it could defeat a recovery by showing that the funds when deposited belonged to another, who had demanded the payment of the same, such ownership not having been recognized by the defendant by payment of the money deposited. The plaintiff's position is, that so long as the bank retains the money he may maintain a common-law action on its promise to refund the money, and the question is not now presented whether the claimant could recover the money in an equitable action with all the necessary parties before the court.

We may, however, pass all these questions without further consideration, for the reason that the defendant did not set up in its answer, as a defense, the facts which it offered to prove. There

is no averment in the answer that the funds when deposited were the funds of Mrs. Rockwell. The claim of the defendant, as set forth in the answer, that the funds deposited, belonged to Mrs. Rockwell in her lifetime, is based upon the averment that the plaintiff transferred the certificate to her in her lifetime, and that her executor is entitled to the moneys deposited with it by virtue of the transfer of the certificate. No issue was tendered on the controlling fact which it offered to prove in support of its defense. For that reason, among others, as the bill of exceptions shows, the court ruled out the offer. There was no request made by the defendant to amend the answer so as to permit the proofs to be made and without an amendment to that effect, the defendant could not give evidence in support of the fact stated in the offer. The certificate did not bear interest and the plaintiff was permitted to prove that after the same was made out and handed to the plaintiff, at the cashier's counter, he discovered that no rate of interest was mentioned in the certificate, and he called the attention of the cashier to the fact, who then promised to allow three per cent on the deposit if it remained for any length of time. As the certificate was payable on demand, the money could have been withdrawn any moment by the payee of the certificate. The promise was conditional and executory, and was based upon a good consideration, as the payee allowed the money to remain with the bank for many years thereafter. No rule of evidence was violated in receiving proof of the defendant's parol promise to pay interest after it had received the money and delivered the certificate into the hands of the plaintiff.

We have examined the other rulings made on the trial, to which exceptions were taken by the defendant, and fail to discover any error.

The judgment should be affirmed, with costs.

DWIGHT and MACOMBER, JJ., concurred.

Judgment affirmed.