READ *v*. MARINE BANK OF BUFFALO.

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

BANKS—CERTIFICATE OF DEPOSIT—ACTION BY DEPOSITOR.

In an action to recover money deposited by plaintiff with defendant bank, the certificate of deposit, which was payable to plaintiff or his order, was not offered to be surrendered, but plaintiff informed defendant that it was lost, and tendered an indemnifying bond, which was refused. It appeared that the certificate was held and claimed by the executor of plaintiff's sister, who had obtained possession thereof during her life-time without any claim of right thereto, and without plaintiff's indorsement, and whose executor had made claim on defendant therefor. *Held,* that plaintiff was entitled to recover. 13 N. Y. Supp. 855, reversed, and 27 N. E. Rep. 250, followed.

Appeal from circuit court, Erie county.

Action by John J. P. Read against the Marine Bank of Buffalo. Judgment for plaintiff. Defendant appeals from judgment entered on the verdict, and from an order denying defendant's motion for a new trial, made upon a case and exceptions. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Benjamin H. Williams,* for appellant. *O. O. Cottle,* for respondent.

PER CURIAM. This cause was argued before us at the January term, 1891, and in an opinion delivered by the presiding justice in March following the judgment was reversed, and a new trial granted. *Read* v. *Bank,* (Sup.) 13 N. Y. Supp. 855. Upon application by the plaintiff's counsel at the June term, a reargument was granted. The case has been again argued and submitted to us. The reargument was granted for the reason that the court of appeals had affirmed our judgment in the case of *Read* v. *Bank,* 8 N. Y. Supp. 364; *Read* v. *Bank,* 124 N. Y. 671, 27 N. E. Rep. 250, except in the matter of interest upon the deposit. But such exception has no application to this case. Upon the first hearing we thought that for certain considerations, in the opinion particularly named, and which were not, as we believed, fully considered and passed upon in the case of *Read* v. *Bank, supra,* there could be no recovery by the plaintiff so long as the certificates of deposit, the groundwork of the action, were in the possession of the husband of the plaintiff's sister, who claimed title thereto as executor of her last will and testament. The reasoning in that opinion, and the authorities there cited, it is claimed by the counsel for the plaintiff would have had the same bearing in the case of *Read* v. *Bank, supra;* and that, consequently, though the same was not applied to the former case, yet the affirmance by the court of appeals of the judgment in the former case necessarily carries with it an affirmance of the judgment in this case. The judgment of the court of appeals in the case of *Read* v. *Bank,* 124 N. Y. 671, 27 N. E. Rep. 250, was pronounced a month after our decision was made in this case. If the decision of the court of appeals necessarily carries with it a like decision in this case, we should, without hesitation, recede from our former opinion, and affirm this judgment. This action was brought to recover the amount of two deposits made by the plaintiff, to whom the usual bank certificates of deposit had been issued, payable to the plaintiff or his order. Before this action was begun, a demand of payment of each certificate was made upon and refused by the defendant. Neither of the certificates was produced by the plaintiff and offered to be surrendered; but, on the contrary, information was given to the defendant by the plaintiff to the effect that the certificates were lost. A bond, accordingly, under the statute (2 Rev. St. p. 406, §§ 75, 76) was tendered, but refused by the defendant. In the mean time one Rockwell, the husband of the plaintiff's sister, exhibited to the defendant the certificates of deposit in question, and claimed that he held them as the executor of his wife's last will, and claimed to own them in such representative capacity. No dispute is made in regard

to the fact of the deposits, or that the same were made by the plaintiff himself. Nor is the further fact disputed that the plaintiff has not the possession of the certificates, or either of them, or that they are in the hands of Rockwell. The latter, in fact, in pursuance of the command of a *subpœna duces tecum* produced these certificates upon the trial, and they, after being put in evidence, were impounded by the court, and directed to be canceled by the clerk, and to remain on file, which accordingly was done. As was stated on the former appeal, the plaintiff testified that he and his sister lived together before her marriage to Rockwell; that during that time he had the certificates in his possession in a desk in the house, from which they were taken without his knowledge or consent, and that after the sister went away he missed them, and on application to her she admitted having taken them, and promised to restore them to him, but that she never did so; that the action which he began against her to recover possession of the certificates was never prosecuted to judgment, and that when, after her death, he asked Rockwell for the certificates, the latter denied that he had them, or knew where they were. No evidence was offered by the defendant to show that the plaintiff ever transferred the certificates to his sister, or that the moneys represented by them were originally the moneys of Mrs. Rockwell. The evidence, indeed, with great conclusiveness showed that the plaintiff's sister obtained possession of the certificates without any claim of right thereto. In principle the case of *Read* v. *Bank, ubi supra,* cannot be distinguished from this one. In both cases the certificates of deposit were issued and made payable to the plaintiff or his order, and in each case the certificates were removed by his sister, without the plaintiff's knowledge, and, when remonstrated with, the sister promised to return them, but died without doing so. Indeed, the certificates in this case were in the same bundle with the certificates in the case of *Read* v. *Bank.* The answers in both cases were substantially the same. In this case, the first answer was a general denial. The second admitted the deposit by the plaintiff of the moneys represented by the certificates. It affirmatively alleged that the certificates were never presented to the defendant for payment, nor returned to the bank; that the plaintiff admitted that they were in the hands of Rockwell, the executor of the last will of the plaintiff's sister, who claimed to be the owner and holder thereof, and the same were the property of Mrs. Rockwell at the time of her decease. The fourth answer is as follows: "This defendant, further answering, upon information and belief says that the plaintiff is not now in possession of nor the owner of said written instruments, or either of them, but that the same were by him, before the beginning of this action, transferred to one Elizabeth A. S. Rockwell, the executor of whose last will and testament, said George W. Rockwell, is now in possession thereof, claiming to be the owner and holder thereof, and to be the owner of and entitled to the money so received by the defendant aforesaid; and the said George W. Rockwell, as such executor aforesaid, has demanded such moneys of the defendant." Then follow allegations that the property belonged to Mrs. Rockwell, and not to the plaintiff. In the case of *Read* v. *Bank,* the answer was (1) a general denial; (2) an admission of the issuance of the certificate of deposit upon a deposit of moneys made by the plaintiff to the defendant in that action; that the plaintiff, after receiving such certificate, never presented the same to the defendant for payment, nor returned it, but has admitted that the same is now no longer in his possession, but under the custody and control and in the possession of Rockwell, the executor of the will of Mrs. Rockwell, deceased, "who claims to be the owner and holder thereof, and entitled to the moneys secured thereby." The fourth subdivision of the answer is as follows: "This defendant, further answering, upon information and belief says that the plaintiff is not now in possession of nor the owner of said written instrument, but that the same was by him, before the beginning of this action, transferred to one Elizabeth A. S. Rockwell, whose

executor, said George W. Rockwell, is now in possession thereof, claiming to be the owner and holder thereof, and to be the owner of and entitled to the moneys so received by the defendant as aforesaid; and the said George W. Rockwell, as such executor, as aforesaid, hath demanded such moneys of said defendant." It will thus be seen that the issues in the above actions were precisely the same as presented by the pleadings. The trial in each case developed the same facts upon all contested questions. Hence we are of the opinion that the affirmance of the court of appeals of the judgment of the case of this plaintiff against the Bank of Attica necessarily carried with it the affirmance of the judgment in this case. By reason, therefore, of such decision, made subsequently to the former judgment of this court in this action, we think, notwithstanding the expression of our former views, that the judgment appealed from should be affirmed. All concur.