DE'BEERSKI *vs.* PAIGE.

An agreement for the sale and purchase of lands, signed by the vendee, only, is void by the statute of frauds.

The defendant executed an instrument, by which, in consideration of one dollar, he agreed to purchase certain real estate of the plaintiff, stock, &c. if satisfied with its location and advantages, at a price specified, and in case no purchase should be made, then he agreed to pay the plaintiff $2000 for painting certain portraits, and to pay him $50 per week for the board of himself and family during three months specified. *Held*, on demurrer:

1. That the contract was entire, and not severable; and that, being void as to the land, because not signed by the vendor, it was also void as to the other subjects embraced therein.

2. That it was inoperative for want of mutuality; the plaintiff not being bound to do any thing, on his part.

3. That the consideration of one dollar, expressed in the writing, was applicable to the sale of the real estate, and was vitiated by the provision of the statute which rendered that part of the instrument nugatory and void. HOGEBOOM, J. dissented.

APPEAL from an order made at a special term, sustaining a demurrer to the plaintiff's complaint. The complaint alleged, that the on the 4th of March, 1865, the defendant entered into an agreement in writing with the plaintiff, as follows :

"Troy, March 4, '65.

In consideration of the sum of one dollar to me paid, I hereby agree to meet the Count John DeBeerski, on or about the 20th of April, at his residence, Nanuet, New York, there to examine his property, consisting of twenty-six acres of land, buildings, stock, etc. etc. and if satisfied with its location and advantages, will purchase the same at a price not less than five thousand ($5000) dollars ; payable, either fifteen hundred ($1500) dollars down, and balance in equal annual installments on interest, all payable within four years, or five thousand cash, being optional with purchaser. In case a purchase is not effected, I agree to pay to the said Count John DeBeerski two thousand dollars for pictures of my two children, my wife and myself, the size and style to be left to the taste and choice of the Count ; frames not included

in the above, to be paid for on completion of each, or during the production of each, in cash—national currency being understood as cash. The pictures to be commenced on the day above named; and moreover, the undersigned agrees to pay the said Count John DeBeerski the sum of fifty dollars per week, each Saturday, for board of himself, wife, child and nurse, during the months of June, July, August and September, this year, providing the same is acceptable to the Count and Countess.

(Signed,) GEORGE S. PAIGE."

Witness, C. H. JONES.

The complaint further averred, that said agreement, after the same was stamped by the defendant, with a five cent United States revenue stamp, and which was duly canceled by him, was signed by the defendant, and delivered by him to the plaintiff, on the day it bears date, for and accepted by him as a valid, subsisting contract between them.

And the plaintiff further stated, that although he had at all times since entering into the said agreement with the defendant, been ready and willing and had offered to perform the same on his part, the defendant had entirely failed, neglected and refused, to perform the same or any part thereof on his part, but had broken the same, *and refused to purchase said property,* or to have said pictures painted, or to carry out said agreement for board, as specified therein, or in any wise to perform the same.

And the plaintiff further stated, that relying upon the performance of the said agreement on the part of the defendant, he did on the same day and immediately after the execution and delivery thereof to him, at the special instance and request of the defendant, withdraw said property from the hands of a broker in the city of New York, with whom it had been previously placed by him for sale; that said broker, at the time he so withdrew said property from his hands, was about effecting a sale thereof to another party, and which sale thereof was thereby lost, and that said property can not

now be sold, nor could it have been at any time since the breach of said agreement by the defendant, for nearly so much as it could and would have been by said broker, but for countermanding the sale thereof by him as aforesaid. That relying upon the performance of the said agreement on the part of the defendant, for the execution by the plaintiff of said pictures, he refused other orders to a large amount, and was thereby deprived of the profits he could have made from the same; and relying upon his execution thereof for boarding himself, wife, child and nurse with the plaintiff, which would have been acceptable to him and his wife; and to enable the plaintiff to properly perform said agreement in respect to this part thereof on his part, he went to large expenditures by way of repairing and improving said premises, refurnishing the house, employing extra servants, and making other outlays.

And the plaintiff further stated, that by reason of the breach of said agreement by said defendant for the execution by the plaintiff of said pictures, he lost a large sum which he would have made as a profit thereon; and that by reason of his breach thereof for boarding, with his family, with the plaintiff, he also lost another large sum which he otherwise would have made as a profit thereon, and that said several sums in the aggregate amounted to at least the sum of three thousand dollars, for which amount he demanded judgment, with interest and costs.

The defendant demurred to the complaint, alleging as grounds thereof, that it appears upon the face of said complaint that it does not state facts sufficient to constitute a cause of action.

*C. F. Tabor,* for the appellant.

*J. A. Millard,* for the respondent.

MILLER, J. It is evident that the contract upon which the plaintiff relies to sustain a recovery, in this action, so far

as it relates to the sale of the lands, is void and of no effect, because it is not signed by the party by whom the sale was made, in accordance with the statute. (2 *R. S.* 135, § 8. *Worrall* v. *Munn,* 1 *Seld.* 229. *Newton* v. *Bronson,* 13 *N. Y. Rep.* 587. *Tallman* v. *Franklin,* 14 *id.* 584. *Reynolds* v. *Dunkirk and State Line Railroad Co.,* 17 *Barb.* 613.)

Is it valid in reference to the other provisions, relating to the painting of the portraits and the board of the defendant and his family? I think it is not, for several reasons.

1. Those provisions of the contract are based entirely upon the agreement for the sale of the land, which of itself is invalid, and for that reason insufficient to sustain the other conditions of the contract.

2. The contract is not severable. To sustain it we must assume that the sale of the real estate was the basis of the agreement, and hence, how can it be severed? The agreement was to purchase the real estate if the defendant was satisfied with the location and advantages, and in case no purchase was made, then to pay for the pictures, &c. It therefore depended upon the contract for the sale of the real estate. This was the foundation of the whole contract, and a part of it can not be separated, so as to make it distinct from the remainder. If part of an entire promise is by the statute of frauds void, the whole is void. (*Van Alstyne* v. *Wemple,* 5 *Cowen,* 162. *Mackie* v. *Cairnes, Id.* 548. *Thayer* v. *Roch,* 13 *Wend.* 53.)

The case of *Darling* v. *Rogers,* (22 *Wend.* 483,) to which we have been referred, is not an authority which sustains the position that this contract can be severed, and does not over-rule the cases before cited. In that case it was held that a trust deed or assignment was a valid instrument as a trust to sell, although it contained a power to mortgage which was void. The power to mortgage was held to be innocent in its nature, and the principle that the instrument should rather be made available than suffered to fail, was held to apply, as the prohibitory instrument did not declare the deed to be

void.   The statute applicable to the case at bar expressly declares that every such contract shall be void.

3. The contract does not bind both the parties to it, as is claimed, and the authorities cited by the plaintiff do not sustain that view.   There is no mutuality in its provisions, and the plaintiff is not bound to paint the portraits, or to furnish the board.   He is under no obligation to do any thing, on his part.

The consideration of one dollar, expressed in the writing, is applicable to the sale of the real estate, and is vitiated by the provision of the statute which renders it nugatory and void.

4. It may be added, that the contract is extremely indefinite and uncertain, as to some of the property intended to be contracted, in its provisions; and upon no sound principle, looking at the intention of the parties, can it be assumed that the defendant intended to be bound by the agreement in regard to the portraits and the board, in the face of the conceded fact that the agreement in regard to the real estate was void.

5. The complaint in the action claims to recover, as a part of the damages sustained by the plaintiff, the loss of the sale of the real estate; and this is a material and important part of the plaintiff's complaint.   It is not now claimed that any recovery can be had on account of this breach of the contract; but as it is based upon the contract for the sale of the real estate, which is confessedly void, it seems to me the complaint, in this particular, is substantially defective.   This being manifest, for the reasons already given, it follows that the order of the special term should be affirmed, with costs.

INGALLS, J.   I concur.   1. The contract is entire; and being void as to the land, was also void as to the other subjects embraced therein.

2. It is inoperative for want of mutuality.   (*Lester* v.

*Jewett,* 12 *Barb.* 502.) In the above case the words "value received" are used, which is equivalent to "one dollar."

HOGEBOOM, J. (dissenting.) I think the paper set forth in the complaint contains a valid agreement. It alleges a valid and sufficient consideration, to wit, one dollar, and the defendant agrees to do one of two things; to wit, either to purchase the plaintiff's property, or to have the pictures of himself, wife and children painted by the Count, at a specified price.

It has been supposed to want *mutuality,* and hence to be void on that account. But the case relied upon for that purpose (*Lester* v. *Jewett,* 12 *Barb.* 502) was overruled, on that point, in the Court of Appeals, (1 *Kern.* 459,) and the latter court say: "The question is not whether the defendant is bound to perform his contract. *His objection to purchase according to its terms, is admitted.*" Moreover, the complaint alleges the *acceptance* of this contract as a valid, subsisting contract between the parties; and we must assume that the plaintiff, on the trial, under such an allegation, will prove a *valid, legal acceptance,* so as to make the contract obligatory on him. Further, the word "agree," which is found in this contract, is the word of both parties, and implies a *mutual* contract. (*Barton* v. *McLean,* 5 *Hill,* 256. *Andrews* v. *Pontue,* 24 *Wend.* 285.)

The agreement is not obligatory as to the purchase of the land. It is not signed by the vendor; it is not specific or definite as to the property to be sold, or the price; and it is not by its terms obligatory on either party to make the sale or the purchase. The defendant was not, therefore, bound to make the purchase; but he agreed if he did not, to have the pictures of the family painted by the plaintiff. This, I think, he was bound to do; for he had agreed, upon a valid consideration, to have the same done.

I do not think the defectiveness of the agreement, in regard to the land, prevents the alternative portion of it from

DeBeerski *v.* Paige.

being operative or obligatory. The contract is not to fail, even though a part be illegal, if, upon any reasonable construction, it can be supposed to meet the intentions of the parties. (*Darling* v. *Rogers*, 22 *Wend.* 483.)

These two parts of the agreement are entirely distinct and separate. They relate to subjects entirely independent of each other, and were evidently so understood by the parties. It is said that the sale and purchase of the real estate were the *main* object of the contract, and this failing, the whole contract must fail. It does not appear which was regarded as the more desirable portion of the contract, by either party. It does appear that they contemplated the contingency that the purchase might not be completed, and provided for such a contingency by the substitution, in that event, of another contract. It is not the case, therefore, of a contract embracing several particulars, all of which, by its terms, were to be carried into effect, and afterwards this is not done, or becomes impossible; but of a contract embracing two distinct parts, both of which are not to be carried into effect, but only the second, in the event of the failure of the first. It is the case of an alternative or substituted contract; and I see no objection to it whatever, in law or in reason. Have parties not a right to make contracts of that character? If DeBeerski had signed the instrument, (and I have endeavored to show he has done what is equivalent,) would Paige not have been bound by it, so far as to be obliged to perform the required alternative, in case the purchase of the real estate was not consummated?

If A. and B. agreed to meet at a certain time and place, at which A. agreed, in consideration of $100 paid to him by B., to purchase B.'s house and lot for $5000, or if he did not, then to purchase B.'s carriage and horses, for $2000, which agreement was signed by B. alone, I suppose the agreement would be good against A. for the carriage and horses, though void as to the land. This agreement is similar in legal effect, and sets forth, in my opinion, an obligation on the part of

the defendant which he was bound to perform. The breeches of the contract on the part of the defendant, and the averments of performance on the part of the plaintiff, and of damages sustained, are made with sufficient distinctness and particularity to save the complaint from being bad on demurrer.

I say nothing of that part of the agreement which refers to the board, because if the agreement is good for the pictures, the complaint is not demurrable ; though it strikes me it is also good for the board.

I think the complaint stated facts sufficient to constitute a cause of action; and that the order of the special term should be reversed, with costs, and the defendant have leave to withdraw the demurrer, and answer on payment of costs.

Order affirmed.

[ALBANY GENERAL TERM, March 5, 1866. *Miller, Ingalls* and *Hogeboom,* Justices.]