JOHN J. P. READ, Respondent, *v.* THE BANK OF ATTICA, Appellant.

Where a certificate of deposit issued by a bank contained no provision for the payment of interest, *held*, that in an action thereon against the bank testimony of an oral agreement made by the bank at the time of the deposit to pay interest was incompetent.

Reported below, 55 Hun, 154.

(Argued March 5, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made December 30, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover a sum of money deposited by plaintiff with defendant, with interest from the date of the deposit.

The following is the opinion in full:

" We agree with the court below in all respects save one. The admission of parol testimony tending to show an agreement by the defendant to pay interest was error, because its purpose was to vary the terms of the certificate of deposit, which was as follows:

'$4,152.64.      BANK OF ATTICA, STATE OF NEW YORK. }
                   BUFFALO, *March* 25, 1879.     }

'J. J. P. Read has deposited in this bank forty-one hundred and fifty-two $\frac{64}{100}$ dollars, payable to the order of J. J. P. Read on return of this certificate.

                     'W. K. ALLEN, *Cashier*,
                     'J. W. SMITH, *Teller*.'

"Had the plaintiff, after receiving the certificate, made a demand for payment, and the defendants, in order to secure the use of the money for a longer period, had promised to pay interest thereon, the plaintiff consenting, it is not questioned but such agreement could have been proven and enforced. But we do not understand the record before us to present such a situation. On the contrary, the writing and the alleged oral agreement appear to have constituted one transaction. The testimony on that subject is as follows: The plaintiff testified that after the certificate had been handed to him by Allen (the cashier), he had a conversation as to the bank paying interest on the deposit. Allen told him the deposit would bear three per cent interest if left for any length of time. Defendant's cashier testified, on direct examination, that after the certificate of deposit was made out and delivered he had some conversation with plaintiff in regard to the interest; the understanding was that the certificate should bear interest at three per cent. On cross-examination he was asked: 'Are you in the habit of making a private arrangement that certificates should bear interest and not note it in the certificate?' He answered: 'No, sir; my intention was to have written in there the rate of interest that we agreed to allow him. The conversation was this — when I handed him the certificate he says: You are to allow me interest on this, are you? I said: You are a man pretty flush in money, and you ought not to ask interest of us. Well, he says, I can't afford to leave it without something. Well, I said, will three per cent do you? Yes. Then a customer came and spoke to me and drew my attention away, and Mr. Read walked out. This conversation occurred at the time I handed the certificate to him.'

"What was said then respecting the payment of interest

occurred at the moment of delivering the certificate. And the terms of commercial paper cannot be varied by oral agreements forming part of the same transaction. Without that evidence the plaintiff could not have recovered interest.

"The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiff within thirty days stipulates to modify the judgment by deducting the interest recovered, amounting to $1,345.54, in which event the judgment, as so modified, is affirmed, with costs of this court to the appellant."

*Spencer Clinton* for appellant.

*O. O. Cottle* for respondent.

PARKER, J., reads for reversal unless plaintiff stipulates to modify as stated in opinion.

All concur.

Judgment accordingly.