THE JAMESTOWN BUSINESS COLLEGE ASSOCIATION, LIMITED, Appellant, *v.* ELVA J. ALLEN, Respondent.

EVIDENCE — PAROL EVIDENCE INADMISSIBLE TO SHOW THAT NOTE, ABSOLUTELY DELIVERED AT DATE THEREOF, WAS NOT TO BE PAID UPON THE HAPPENING OF A SUBSEQUENT CONTINGENCY. A promissory note for a fixed sum, payable at a certain time and place, and actually delivered to the payee at the date thereof, although accompanied by a contract in writing showing that the note was given for a scholarship in a business college, the course of study to be entered upon by the maker of the note at or about the time the note became due, such scholarship to be transferable after payment therefor had been made and acknowledged, cannot be contradicted by parol evidence that the note was not to be paid if the maker should decide not to take instructions at the school and could not sell her scholarship, in which event the note was to be canceled and the maker released from the payment thereof, since the delivery of the note was not a conditional delivery, not to become complete and effective until the happening of some condition precedent, but was an absolute delivery, which cannot be defeated by the happening of any subsequent contingency.

*Jamestown Business College Assn.* v. *Allen,* 59 App. Div. 627, reversed.

(Argued May 29, 1902; decided October 21, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 1, 1901, affirming a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial.

The action is upon a promissory note in the following form :

" $90.00                    JAMESTOWN, N. Y., *Aug.* 17, 1897.

" August 1, 1898, after date, I promise to pay to the order of Jamestown Business College Ass'n. Ltd., Ninety dollars at the Jamestown National Bank.    Value received.

"ELVA J. ALLEN."

Contemporaneously with the execution and delivery of this note there was executed the following paper :

" SINGLE SCHOLARSHIP.

" JAMESTOWN BUSINESS COLLEGE ASSOCIATION, LIMITED.

" H. E. V. PORTER, *President.*

" No. ——            " JAMESTOWN, N. Y., *Aug.* 17, 1897.

" $90.00

" I, Elva J. Allen, of P. O. Box 186, Cattaraugus, N. Y., have this day purchased a Two years Scholarship in Business Shorthand and English Department of Jamestown Business College, Jamestown, N. Y., for the sum of $ Ninety to be used by myself, who will enter upon the course of study about August 1, 1898, for which we, or either of us, promise to pay to the order of JAMESTOWN BUSINESS COLLEGE ASSOCIATION, LIMITED, $ Ninety as follows :

" August 1, 1898.

" Name,    ELVA J. ALLEN.

" Witness, JULIA BYRNE.

" Scholarship transferable upon the following conditions :

" 1st. The above contract shall be paid in full and certified by the Treasurer.

" 2nd. In case ——————— has received instruction in his Scholarship it is understood and agreed that he shall pay for such time at the regular advertised rates of tuition, whereupon the party to whom this may have been transferred shall be entitled to instruction according to the terms of this agreement.

"H. E. V. PORTER,
" *President.*"

This paper was made out in duplicate. One copy was kept by the defendant and the other, signed by her, was delivered to the agent of the plaintiff. When the note became due it was not paid. The complaint is in the usual form in actions upon promissory notes. The answer admits the making of the note, alleges want of consideration, and sets up an agreement by the terms of which the defendant was to be released from the payment of said note if she did not take any instructions at plaintiff's school. Further facts appear in the opinion.

*Alfred L. Furlow* for appellant. The attempt on the part of the defendant to vary and contradict the terms of a written instrument by parol evidence was squarely incompetent. (*Gridley* v. *Dole,* 4 N. Y. 486; *Crater* v. *Bininger,* 45 N. Y. 545; *Irwin* v. *Saunders,* 1 Cow. 249; *Fitzhugh* v. *Runyan,* 8 Johns. 375; *Wills* v. *Baldwin,* 18 Johns. 45; *Frost* v. *Everett,* 5 Cow. 497; *Eaves* v. *Henderson,* 17 Wend. 190; *Lewis* v. *Jones,* 7 Bosw. 366; *Burhans* v. *Carter,* 13 Hun, 153; *Willse* v. *Whitaker,* 22 Hun, 242.)

*George J. Dikeman* for respondent. The note in question was delivered by the defendant to plaintiff's agent upon the express condition that, if the defendant did not attend the school of the plaintiff or could not sell the scholarship, the plaintiff would surrender the note and defendant would not be liable thereupon. (*Benton* v. *Martin,* 52 N. Y. 570; *Juilliard* v. *Chaffee,* 92 N. Y. 529; *Bookstaver* v. *Jayne,* 60 N. Y. 146; *G. N. Bank* v. *Colwell,* 57 Hun, 169; *Reynolds* v. *Robinson,* 110 N. Y. 654; *Persons* v. *Hawkins,* 41 App. Div. 171; *Higgins* v. *Ridgway,* 153 N. Y. 130.) There was an utter lack of consideration for the note in suit. (*McCrea* v. *Purmort,* 16 Wend. 460; *Wheeler* v. *Billings,* 38 N. Y. 263; *Arnot* v. *E. R. R. Co.,* 67 N. Y. 315; *Wells* v. *Wells,* 8 App. Div. 422; *Peck* v. *Burwell,* 48 Hun, 471; *Sawyer* v. *Chambers,* 43 Barb. 622.)

WERNER, J.   Under the unanimous affirmance by the
Appellate Division of the judgment entered upon the verdict
of the jury herein, the only question presented by this record
that survives to reach this court is the single exception taken
by the plaintiff to the admission of parol evidence, given by
the defendant, in contradiction of the written instrument
upon which the action is founded.   I think that the exception
referred to was well taken.   The action is upon a promissory
note.   The complaint is in the usual form in such actions.
The answer alleges want of consideration and an agreement
that the note was not to be paid if the defendant did not take
the course of instruction at plaintiff's school, for which the
note was given.   Upon the trial, under these pleadings, the
plaintiff introduced the note in evidence and rested its case.
Thereupon the defendant, under the direction of the court,
assumed the affirmative of the issue and introduced evidence
in support of the allegations of her answer.   Despite plaintiff's
objection to any oral testimony tending to vary or contradict
the written instrument, the defendant was permitted to testify
that the note in suit was not to be paid if she should decide
not to attend plaintiff's school and could not sell her scholar-
ship.   I think this ruling of the trial court was erroneous,
and that the exception thereto requires a reversal of this
judgment.

The general rule, that evidence of what was said between
the parties to a valid instrument in writing, either prior to or
at the time of its execution, cannot be received to contradict
or vary its terms, applies to promissory notes and bills of
exchange.   (*Thompson* v. *Ketcham*, 8 Johns. 190; *Norton*
v. *Coons*, 6 N. Y. 33; *Read* v. *Bank of Attica*, 124 N. Y.
671.)

As stated in *Thomas* v. *Scutt* (127 N. Y. 133) and *Stowell*
v. *Greenwich Ins. Co.* (163 N. Y. 305), there are two classes
of exceptions to this general rule of evidence.   The first class
includes those cases in which parol evidence is received to
show that a written instrument which purports to be a con-
tract is in fact no contract at all.   The other class " embraces

those cases which recognize the instrument as existing and valid, but regard it as incomplete, either obviously or at least possibly, and admit parol evidence, not to contradict or vary, but to complete the entire agreement of which the writing was only a part. Receipts, bills of parcels and writings that evidently express only some parts of the agreement are examples of this class which leaves the written contract unchanged, but treats it as part of an entire oral agreement, the remainder of which was not reduced to writing. Two things, however, are essential to bring a case within this class: 1. The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. 2. The parol evidence must be consistent with and not contradictory of the written instrument."

I think the case at bar does not fall within either of these exceptions. In form, the instrument sued upon is a complete contract. This is equally true as regards the note alone, or the note and the certificate of scholarship together considered as parts of the same contract. If it is a contract at all, it is a complete contract. The oral evidence received over plaintiff's objection did not serve to amplify or complete the writing; it was radically contradictory thereof. The mere statement of this fact is the only argument necessary to show that the case is not in the class of cases in which oral testimony is received to complete contracts which are only partly reduced to writing. Does the oral testimony received over plaintiff's objection tend to show that the written instrument, which was a complete contract in form, was in fact no contract? This question suggests the distinction between this case and the cases upon which the defendant relies. According to the testimony of the defendant the delivery of the note in suit was not conditional upon the happening of some event before it was to become a binding obligation; on the contrary, it is said to have been complete and unconditional. The

defendant says, in substance, that the note became effective at once and was to be binding upon her unless she should decide not to take instructions at plaintiff's school and could not sell her scholarship, in which event it was to be canceled and she was not to be called upon to pay it. Had the parties agreed that the note should not be regarded as completely delivered until the defendant should take such instructions, or until she could sell her scholarship, it would not have become operative until either of these events had transpired. The agreement which the parties did make was just the reverse of that. The note is stated to have been actually and unconditionally delivered, and was to be and remain a note until the defendant should decide either to sell the scholarship, if that were possible, or to abandon the projected course of instruction. As the note was not payable until a year after its date, and the course of instruction was not to begin until the note became due, the defendant's claim is, in reality, an assertion that the note was to be regarded as a valid and binding obligation until it became due, when it was to be optional with the defendant to decide whether it should then be payable or not. This was not a conditional delivery which held the consummation of the contract in abeyance, but an absolute delivery which, as the defendant supposed, could be annulled in a certain contingency at her option. It is obvious, therefore, that there is a radical distinction between a conditional delivery, which is not to become complete and effective until the happening of some condition precedent, and a complete delivery, like the one at bar, which is sought to be defeated by subsequent contingencies that may or may not arise. In the one case there is no contract until the condition has been complied with; in the other there is a binding contract, notwithstanding the happening of the contingency relied upon to defeat it. For the foregoing reasons the cases of *Seymour* v. *Cowing* (1 Keyes, 532); *Reynolds* v. *Robinson* (110 N. Y. 654); *Blewitt* v. *Boorum* (142 N. Y. 357); *Higgins* v. *Ridgway* (153 N. Y. 130), and kindred cases, holding that conditions limiting and circumscribing the delivery of written

instruments may be shown by parol, are not applicable to the case at bar.

This case seems to fall directly within the principle " that parol evidence of an oral agreement made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add or to subtract from the absolute terms of the written contract." (*Specht* v. *Howard*, 16 Wall. 564; *Forsyth* v. *Kimball*, 91 U. S. 291; *Brown* v. *Wiley*, 61 U. S. 442; *Brown* v. *Spafford*, 95 U. S. 474; *Read* v. *Bank of Attica*, 124 N. Y. 671.)

For these reasons I think the parol evidence above referred to was erroneously admitted, and, therefore, the judgment herein should be reversed and a new trial ordered, with costs to abide the event.

HAIGHT, J. (dissenting).   This action was upon a promissory note, as follows:

" $90.00 ·                    JAMESTOWN, N. Y., *Aug.* 17, 1897.

" August 1, 1898, after date, I promise to pay to the order · of The Jamestown Business College Ass'n., L't'd, Ninety Dollars, at the Jamestown National Bank.   Value received.
                                    " ELVA J. ALLEN."

The answer admitted the making of the note, but alleged that it was without consideration, and that it was delivered to the plaintiff upon the express condition that in case the defendant did not attend its college the note was to be surrendered up by the plaintiff and canceled and that nothing should become due thereon.

The plaintiff is a domestic corporation managing a business college located in Jametown, N. Y.   The defendant, at the time the note in question was executed, was a young lady just past twenty-one years of age, and resided with her parents on a farm near the village of Cattaraugus.   This note was given for what was denominated a " single scholarship " in the plaintiff's college, and was as follows:

"Single Scholarship.

"Jamestown Business College Association, Limited.

"H. E. V. Porter, *President.*

"No. ——                JAMESTOWN, N. Y., *Aug.* 17, 1897.

"$90.00

"I, Elva Allen of P. O. Box 186, Cattaraugus, N. Y., have this day purchased a two year's scholarship in business, shorthand and English department of Jamestown Business College, Jamestown, N. Y., for the sum of $ Ninety, to be used by myself, who will enter upon the course of study about August 1, 1898, for which we, or either of us, promise to pay to the order of JAMESTOWN BUSINESS COLLEGE ASSOCIATION, LIMITED, $ Ninety as follows:

"August 1, 1898.
                "Name,      ELVA J. ALLEN.
"Witness, JULIA BYRNE.

"Scholarship transferable upon the following conditions: 1st. The above contract shall be paid in full and certified by the treasurer.   2nd. In case ——————— has received instruction in his scholarship it is understood and agreed that he shall pay for such time at the regular advertised rates of tuition, whereupon the party to whom this may have been transferred shall be entitled to instruction according to the terms of this agreement.

"H. E. V. PORTER,
*"President."*

The proof disclosed that Miss Byrne, the plaintiff's agent, at the time the note was given, represented to the defendant that she had met the defendant's father; that he was anxious for her to attend a business college, and had asked her to see the defendant as he would like her to attend the plaintiff's school.   It also disclosed that he made no such statement, but, on the contrary, informed such agent that his girls could not attend that institution, having already taken schools at home to teach, and that his wife's health was so poor that he could not spare them to go away.   The defendant also proved that

before the note was given and the paper designated as " Single Scholarship " was delivered, it was agreed between the plaintiff's agent and the defendant that if the latter did not attend the school nor sell the scholarship, it might be returned and the note would be surrendered to the defendant who would not have to pay it unless she could attend the school or sell the scholarship. The defendant testified that one thing which induced her to enter into the arrangement with the plaintiff was the statement that her father was anxious for her to attend its school and had asked the agent to see her about it. The plaintiff's agent stated to the defendant that the price for such a scholarship was one hundred and fifty dollars, but she would furnish her one at ninety dollars, and the defendant was induced to make and deliver the note in suit by that representation coupled with the representations that her father wanted her to attend such school and that if she did not go or sell the scholarship the note would be returned. The proof justified the jury in finding that the delivery of the note in suit was made upon the express condition that if the defendant did not attend the school or sell the scholarship, the note should be returned. It also appeared that when the defendant asked the plaintiff's agent if the paper in suit was a note, she in substance said, Well, it shows how much you get your scholarships for and that you will not have to pay the one hundred and fifty dollars. It was before the note was signed that the plaintiff's agent told her that if she did not attend the school or sell the scholarship the note would be surrendered. There was also proof to the effect that the defendant made an attempt to sell the scholarship, was unable to do so, did not attend the school, and that she offered to return the scholarship and demanded her note, which the plaintiff refused to surrender.

Upon the issue presented by the defendant's answer there was a conflict in the evidence, and the court submitted it to the jury in a charge to which no exception was taken. The jury found for the defendant, and upon appeal to the Appellate Division the judgment entered upon the verdict was

unanimously affirmed.   The unanimous affirmance forecloses
this court from an examination of the question whether the
evidence was sufficient to justify the verdict, and the only
questions that can be examined are those which relate to the
reception or rejection of evidence.   The defendant intro-
duced evidence to show that the note was delivered upon the
conditions and under the circumstances alleged in her answer
and proved by her on the trial.   If the note was without con-
sideration, or if it was delivered upon the condition that it was
to be payable only in the event of the defendant's attending
the plaintiff's college or selling the scholarship, we think it
would constitute a defense to this action, and evidence to
prove those facts was admissible.   The only consideration for
the note claimed, by the plaintiff was the delivery to the
defendant of the scholarship mentioned.   An examination of
that paper shows that there was no express agreement by the
plaintiff to furnish the defendant with any instruction what-
ever.   It contained, *first*, a statement by the defendant that
she had purchased a two years' scholarship to be used by her-
self, and that she would enter upon the course of study about
August, 1898, for which she promised to pay ninety dollars.
That contract was signed only by the defendant and a sub-
scribing witness.   Then followed the conditions upon which the
scholarship might be transferred.   That was signed by the plain-
tiff.   But we find nowhere in that paper any express promise
by the plaintiff to furnish the instruction mentioned in the
certificate.   Although in the portion of the contract relating
to a transfer it is provided that the transferee should be entitled
to instruction according to the terms of this agreement if the
conditions therein were complied with, yet, when the agree-
ment referred to is examined no terms requiring the plaintiff
to give the defendant instruction are found.   As the only con-
sideration which the plaintiff pretends there was for the
defendant's note was this agreement, it is difficult to see how
such an agreement, which contained no promise to furnish
the defendant instruction, could be a consideration for the
note in suit.   While it is true that mutual promises may form

a consideration, each for the other, still, to form a considera-
tion, promises must be mutual and not merely unilateral.
This action was brought by the payee of the note, so that no
question as to a *bona fide* holder is involved.   Hence the fact
that there was no consideration for it was a defense to this
action.   It is true that if the defendant had received the
instruction mentioned, she would have been liable upon the
ground that that was a sufficient consideration, still, not hav-
ing received any instruction and there being no promise on
the part of the plaintiff to furnish it, there was no considera-
tion for the note.   (*Sawyer* v. *Chambers*, 43 Barb. 622;
*Miller* v. *McKenzie*, 95 N. Y. 575; *Peck* v. *Burwell*, 48
Hun, 471; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Keuka
College* v. *Ray*, 167 N. Y. 96, 101.)

If the defendant's note had been paid, it may be that the
law would have implied a promise by the plaintiff to furnish
instruction to the defendant, but that alone was insufficient to
furnish consideration for the note.   An express promise on
one side and only an implied promise upon the other, do not
present a case of mutual promises where one is a considera-
tion for the other.   " Where the promise of one party is the
consideration of the promise of the other, the promises must
be concurrent and obligatory on both parties at the same time."
(*Tucker* v. *Woods*, 12 Johns. 190; *Keep and Hale* v. *Good-
rich*, Id. 397; *De Beerski* v. *Paige*, 47 Barb. 172; affirmed,
36 N. Y. 537.   See, also, 1 Parsons on Contracts and note
[5th ed.], p. 448, citing *Lees* v. *Whitcomb*, 2 Mo. & P. 86;
*S. C.*, 5 Bing. 34; *Sykes* v. *Dixon*, 9 A. & E. 693; *S. C.*, 1
Per. & D. 463.)

The only remaining question is whether the defendant was
properly permitted to prove that the note in question was
delivered to the plaintiff's agent upon the express condition
that if the defendant did not attend the plaintiff's school or
sell the scholarship the plaintiff would surrender the note and
the defendant would not be liable thereon.   We think it was
competent for her to show the terms upon which the note
was delivered, to restrict and limit her liability thereby, and

to protect herself against liability, unless she actually received the instruction, which was the only contemplated consideration for her note.

" Instruments not under seal may be delivered to the one to whom upon their face they are made payable,    *    *    * upon conditions, the observance of which is essential to their validity. And the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, though negotiable as between the parties to it, or others having notice. It needs a delivery to make the obligation operative at all, and the effect of the delivery and the extent of the operation of the instrument may be limited by the conditions with which delivery is made. And so, also, as between the original parties and others having notice, the want of consideration may be shown." (*Benton* v. *Martin*, 52 N. Y. 570, 574; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Juilliard* v. *Chaffee*, 92 N. Y. 529, 534; *Garfield Nat. Bk.* v. *Colwell*, 57 Hun, 169; *Seymour* v. *Cowing*, 1 Keyes, 532; *Reynolds* v. *Robinson*, 110 N. Y. 654; *Baird* v. *Baird*, 145 N. Y. 659, 664; *Blewitt* v. *Boorum*, 142 N. Y. 357; *Schmittler* v. *Simon*, 114 N. Y. 176; *Higgins* v. *Ridgway*, 153 N. Y. 130.)

In *Juilliard* v. *Chaffee* the rule which excludes parol evidence when offered to contradict or vary the legal import of a written instrument was considered, and it was said that that rule " is not to be questioned or disturbed. In this state it has been thought to be so well settled in reason, policy and authority as not to be a proper subject of discussion. It has full application, however, within very narrow limits. In the first place it applies only in controversies between parties to the instrument (*Overseers, etc., of New Berlin* v. *Overseers, etc., of Norwich*, 10 Johns. 229), and between them is subject to exceptions, upon allegations of fraud, mistake, surprise, or part performance of the verbal agreement. Nor does it deny the party in whose favor that agreement was made the right of proving its existence by way of defense in an action upon the written instrument, under circumstances which would make the use of it for any purpose inconsis-

tent with that agreement, dishonest, or fraudulent.   *   *   *
A party, sued by his promisee, is always permitted to show
a want or failure of consideration for the promise relied
upon, and so he may prove by parol that the instrument
itself was delivered even to the payee to take effect only on
the happening of some future event   *   *   *   or that its
design and object were different from what its language, if
alone considered, would indicate."  *Seymour* v. *Cowing* is to
the effect that instruments not under seal may be delivered to
the party to whom, upon their face, they are made payable, or
who, by their terms, is entitled to some interest or benefit
under them, upon a condition, the performance of which is
necessary in order to perfect the title of the holder to enforce
the contract.   In *Reynolds* v. *Robinson* it was held that parol
evidence is admissible to show that a writing, which is, in form,
a complete contract, of which there has been a manual tradition,
was not to become a binding contract until the performance
of some condition precedent resting in parol.   In *Baird* v.
*Baird* (p. 663) the court said : " The rule which excludes evi-
dence of parol negotiations or conditions, when offered to
contradict or substantially vary the legal import of a written
agreement, does not prevent a party to the agreement, in an
action between the parties, from showing, by way of defense,
the existence of a contemporaneous oral agreement, made at
the time the writing was executed and delivered, which would
render the use of the written instrument, for any purpose con-
trary to or inconsistent with the oral stipulation, dishonest or
fraudulent.   *   *   *   The consideration of a written instru-
ment is always open to inquiry, and a party may show that
the design and object of the agreement was different from what
the language, if alone considered, would indicate.   *   *   *
Parol evidence may also be given to show that a writing, pur-
porting to be a contract or obligation, was not in fact intended
or delivered as such by the parties."   In *Blewitt* v. *Boorum*
it was held that even in an action upon a contract under seal,
which did not require a seal for its validity, it is competent
for the defendant to show that the instrument was executed

upon condition that it was not to operate until the performance of some prescribed act, and that that may be shown by oral evidence.   In *Schmittler* v. *Simon* the defendant offered to show that when the draft in suit was drawn, it was understood between the drawer and payee and the plaintiff that it was to be paid out of the drawer's interest in his mother's estate.   The defendant then stated in their presence that he would not accept or become personally liable, and it was agreed that he should accept in his capacity as executor, to be paid out of the drawer's interest in the estate.   This evidence was objected to and excluded.   Held, error; that the testimony was competent as bearing upon the understanding of the relation and character of the liability of the defendant assumed by his acceptance.   In *Higgins* v. *Ridgway* we held that as between the original parties to a promissory note, a conditional delivery, as well as want of consideration, may be shown, and that parol evidence that the delivery was conditional and of the terms of the condition is not open to the objection of varying or contradicting the written contract.

When we test the rulings of the trial court in admitting parol evidence to show the want of consideration and that the note in suit was delivered to the plaintiff upon the express agreement that if the defendant did not attend the plaintiff's school or sell the scholarship, the plaintiff would surrender the note, and the defendant would not be liable thereon, it is manifest that these rulings were correct and constituted no error for which this judgment can be properly reversed.   As those are the only questions which this court has jurisdiction to determine, it follows that the judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, VANN and CULLEN, JJ., concur with WERNER, J.; HAIGHT, J., dissents; MARTIN, J., not sitting.

Judgment reversed, etc.