COPANS v. DOUGAN et al. (Supreme Court, Appellate Division, Second Department. July 25, 1913.) Appeal from Trial Term, Orange County. Action by Henry Copans against Arthur T. Dougan and others. From a judgment of the Supreme Court (139 N. Y. Supp. 427), dismissing the complaint, plaintiff appeals. Affirmed. Henry Hirschberg, of Newburgh, for appellant. A. H. F. Seeger, of Newburgh, for respondents Dougan.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, P. J., and CARR and PUTNAM, JJ., concur. BURR, J., reads for reversal, with whom THOMAS, J., concurs.

BURR, J. I dissent. It seems to me that the answer admits the absolute making and delivery of the note in suit. But, if this could be considered doubtful, the evidence tends to establish, not that the note had no valid inception, but, on the contrary, that it had. Defend-

ant pleaded, and attempted to prove by parol testimony, that the note was not to be paid in cash at the time named, in accordance with the express terms of the written instrument, but that, if at the date of its maturity the payee was indebted to the maker upon an entirely separate and distinct contract, the amount of such indebtedness should be offset against the amount of the note. This may not be done. Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. If the action had been brought by the payee of the note, within the authority above cited, the evidence tending to establish the defense would have been incompetent. If we concede that the plaintiff stands in no better position than the payee of the note, his position, at least, is equally good.