MULLEN v. WASHBURN.    (No. 266/110.)

(Supreme Court, Appellate Division, Third Department.    November 10, 1915.)

EVIDENCE ⏀460—PAROL EVIDENCE—LIMITING WRITTEN AGREEMENT.

> Parol evidence that when a deed was executed the grantor agreed to have the land surveyed and to point out the grantee's boundary, and that pursuant thereto be pointed out a line, and in cutting timber thereto the grantee was made liable to another for trespass, would be, what is not permissible, to limit the written contract; the deed providing that it is made on the condition that the grantor shall not be liable for any trespass done on any lands adjoining the above-described premises.

> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115-2128; Dec. Dig. ⏀460.]

Appeal from Trial Term, Washington County.

Action by Edward P. Mullen against John Washburn. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Rogers & Sawyer, of Hudson Falls, for appellant.
T. D. Trumbull, Jr., of Glens Falls, for respondent.

SMITH, P. J. Plaintiff is the grantee of the defendant of a certain lot of lands, bounded on the east by lands of one Nicholas Palmer and Elizabeth J. Palmer. In cutting timber he trespassed upon this adjoining property. Judgment was obtained against him, and he now seeks to recover against the defendant, both the damages and costs

which he was required to pay in that action, and his expenses of defending the same. His claim is based upon the provisions of the deed which he holds. Those provisions are as follows:

"The said party of the first part hereby covenants and agrees to warrant and defend the title to the wood, timber, and trees hereby sold, transferred, and conveyed against any person or persons whomsoever, and to defend any action for trespass brought against him by any person or persons for cutting and removing such timber, wood, and trees. But it is expressly understood that party of the first part shall not be liable to party of the second part for any damage by reason of any order or injunction restraining the cutting or removing of such wood, timber, and trees pending any action that may be brought for trespass, damage, or in any manner relating to the title of said premises.

"This sale and conveyance is made upon the further condition that the said party of the first part shall not be liable for any trespass or damage done or committed on any lands or property adjoining the above-described premises."

The evidence shows prior conversation at the time the deed was signed, in which the defendant agreed to have the land surveyed and point out to the plaintiff where his boundary was. It is shown that in pursuance of said agreement he did in fact point out a certain line, and the plaintiff cut to that line, and in cutting to that line was made liable for trespass. This evidence was objected to on behalf of the defendant as altering a written instrument. The rules of law relative to permitting evidence to be introduced to alter or vary a written instrument are not here disputed. The only question arises as to the application of those rules. It is undoubtedly true that if an agreement is oral, and part only be reduced to writing, the full contract may be shown by oral evidence. But there is a limitation to this provision, and that is that the part that is introduced as part of the oral contract shall not be contradictory of or inconsistent with the written contract. 17 Cyc. 643; Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. If, then, this oral testimony shows any agreement which shall limit the written contract, or shall contradict it, then it would seem plain that this evidence is not admissible. The last provision of this contract is to the effect that the sale is made on condition that the first party shall not be liable for any trespass or damage done or permitted on any land or property adjoining the above-described premises. The modification which the plaintiff would seek to establish to this contract would be an exception to that general provision, to wit, that the lines shall be laid out by the defendant, and for a trespass to that line the defendant would be liable for damages. This, it would seem to me, clearly limits the written agreement, and whatever may be the misfortune in the present case, we are required to hold to the rule that the writing is conclusively presumed to contain all of the covenants of the parties.

With these views, it follows that this judgment and order must be reversed, with costs, and the complaint dismissed, with costs. All concur.