### KOENIG v. VIDAVER et al.

(Supreme Court, Appellate Term, First Department. December 28, 1915.)

1. EVIDENCE ⬤⟞441—PAROL EVIDENCE—SEPARATE AGREEMENT.

Defendant, who signed a written agreement with others to transfer corporate stock to plaintiff and others as trustees for a corporation, could show by parol that he refused to deliver such agreement unless plaintiff released him personally from further liability on the indemnity contract in suit, and that plaintiff orally released him, since the release was an independent contract between parties different from those involved in the written agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723-1763, 1765-1845, 2030-2047; Dec. Dig. ⬤⟞441.]

2. EVIDENCE ⬤⟞419—PAROL EVIDENCE—CONSIDERATION.

A parol agreement does not vary a written contract, where it is the consideration and inducing cause therefor, provided it does not concern the direct subject of the writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912-1928; Dec. Dig. ⬤⟞419.]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Albert S. Koenig against Nathan Vidaver and another. Judgment for defendants, and from it, and an order denying his motion for a new trial, plaintiff appeals. Affirmed.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Franklin Taylor, of New York City (Joseph J. Zeiger, of New York City, of counsel), for appellant.

Samuel Schwartzberg, of New York City (Nathan Vidaver, of New York City, of counsel), for respondent Vidaver.

LEHMAN, J.   The plaintiff sues the defendants upon an agreement to indemnify the plaintiff from liability upon a promissory note which the plaintiff made for the accommodation of the Mill & Factory Sales Company.   The defendant Vidaver attempted to plead a subsequent agreement by the plaintiff to hold him harmless from all liability under the indemnity agreement.   The alleged consideration for the agreement of the plaintiff was an agreement on the part of the defendant Nathan Vidaver and his brother, Maxwell Vidaver, to present to the treasury of the Mill & Factory Sales Company the stock which they had acquired in that corporation, and to resign as officers and directors of the corporation, and to elect the plaintiff president thereof and allow him to choose his own board of directors.

At the trial it appeared that on February 12, 1913, this defendant and Maxwell Vidaver entered into a written agreement with this plaintiff to transfer, set over, and assign their stock in the Mill & Factory Sales Company, and while that written agreement contains covenants on the part of the plaintiff it is silent as to any agreement on the plaintiff's part to release the defendant or hold him harmless from liability under the indemnity agreement.   The defendant, however, was permitted to show that, after he had signed the written agreement, he refused to deliver it unless plaintiff agreed to hold him harmless from further liability on the indemnity agreement in consideration of his turning over the stock and signing the agreement. The plaintiff contended that such evidence constitutes a variance by parol of the written agreement, and was therefore inadmissible.

The written agreement provides for the assignment by Nathan Vidaver and Maxwell Vidaver, who are described therein as parties of the second part, to Albert S. Koenig and Charles L. Feldman (who are described therein as parties of the first part), "as trustees for the Mill & Factory Sales Company," certain certificates of stock, and further provides exactly how the "parties of the first part" shall dispose of the proceeds of the shares so transferred.   The contract is complete in itself, and I quite agree with the view that the assignors of the stock could not by parol show that the assignees made any other and further agreement as considerations for such transfer.   The evidence offered by the plaintiff is, however, offered for a different purpose.   He seeks to show that, before he would deliver the agreement and the stock, he personally required from Koenig personally a release from liability under a contract of indemnity which he had previously made with Koenig.   Although Koenig is the only one of the parties of the first part who signed the contract, and he signed it in his personal capacity and not as trustee, yet the contract shows on its fact and recites that it is made for the purpose of paying the debts of the company.   So far as Koenig's written agreement is concerned, it is evident that it is only made for the benefit of the company, and it is made, not with the defendant alone, but with him and his brother.

[1] The additional parol agreement which the defendant established does not concern the company, nor does it concern Feldman, who is described as one of the parties of the first part, nor does it concern Maxwell Vidaver.   It seems to me that under these circumstances

it is clearly an independent agreement, which does not enlarge or modify the original agreement. The written agreement expresses the complete agreement by virtue of which the defendant and his brother Maxwell transferred the stock to the plaintiff and the other assignee for the benefit of the corporation. The other assignee did not sign the instrument, yet on its face it shows that he was intended to become a party to it. Neither he nor Maxwell Vidaver were parties to the indemnity agreement previously made, and are not parties to the alleged contract of release. The contract of release could not, therefore, have been made a part of the written contract. At most, the parties could physically have appended to the written contract a further contract between some, but not all, of the parties to settle their individual rights. The only connection between the two contracts consists in the fact that the consideration for the plaintiff's alleged agreements was the signing by the defendant of the written agreement.

[2] There are many cases in the courts where parol agreements, even between the same parties, have been held not to vary the written contract, where the parol agreement is the consideration and the inducing cause for the signing of the written agreement, provided the parol agreement does not concern the direct subject of the written agreement. The leading case on this subject in this state seems to be the case of Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, and, though the direct decision in that case has been frequently explained, criticized, and I believe limited, by subsequent cases, the principle of law upon which the decision is founded has never, so far as I know, been questioned.

Judgment should therefore be affirmed, with costs.

FINCH, J., concurs.

BIJUR, J. (dissenting). Plaintiff sued defendants on their obligation under a written agreement dated April 12, 1912, to indemnify the plaintiff for the giving of his accommodation note to the Mill & Factory Sales Company. Defendant Auerbach was not served. The chief defense litigated was set out in the amended answer of defendant Nathan Vidaver to the effect that in February, 1913, when the Mill & Factory Sales Company required additional capital, plaintiff arranged to become its president and elect his own directors, and the defendants agreed to contribute their stock to the treasury of the corporation, and the plaintiff agreed to hold defendant Nathan Vidaver harmless from all liability under the indemnity agreement of April 12, 1912, etc. When the agreement of February, 1913, which is marked in evidence as Plaintiff's Exhibit B, was produced, it was seen to provide as follows:

It recited that plaintiff was about to assume the presidency of the company, and, in substance, that defendant Nathan Vidaver and one Maxwell Vidaver were willing to donate their stock to assist in paying the debts of the company, whereupon the defendant, Nathan Vidaver, and said Maxwell Vidaver, agreed to turn over to plaintiff and one Feldman, "as trustees" for the company, certain shares of stock,

and the plaintiff and Feldman agreed to use their best endeavors to sell such stock and apply the proceeds in the manner and for the various purposes provided in the agreement. No mention was made of any release of defendant Nathan Vidaver from the obligation of his indemnity agreement. The agreement was signed by the two Vidavers and plaintiff. Defendant, however, undertook to prove plaintiff's agreement to release this defendant by parol evidence dehors the contract, which was objected to by the plaintiff appellant's counsel on the ground that it was parol evidence tending to vary a written instrument. The objection was overruled, and in this, in my opinion, the learned judge below committed error for which the judgment must be set aside.

The respondent seeks to justify the admission of this evidence on a number of grounds which are not tenable. His first claim that it is always admissible to show by parol evidence the true consideration or additional consideration mentioned in a written agreement is unjustified and inapplicable. He also urges that by parol it is admissible to show a collateral, separate, and independent contract entered into between the parties to a suit; but it is quite plain that the agreement of discharge upon which he relies is not collateral, separate, or independent, but, as he himself pleads it, was consideration for the agreement of the respondent to donate his stock. He also urges that the parties to the agreement of February were not the parties to the suit; but that is quite immaterial, in view of the fact that plaintiff, as an individual, and defendants, were parties to the agreement. He further claims that plaintiff and Feldman were parties to the agreement as trustees, which is simply incorrect; the agreement being between the parties purely as individuals.

Finally, he claims that the agreement of discharge was entered into between the plaintiff individually and the respondent individually by parol "as a consideration for defendant Vidaver's signing and delivering" Plaintiff's Exhibit B. The precise meaning of this last contention I am unable to understand. A written agreement is, of course, ineffective until it is signed and delivered, and the agreement of February, 1913, is complete on its face and expresses ample consideration moving from both sides. If respondent by this last contention desires to suggest that the agreement was delivered upon a condition precedent to its becoming effective, as indicated in Jamestown Business College v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740, all that need be said is that both his pleading and his testimony fall utterly short of establishing any such condition.

Judgment should be reversed, and new trial granted, with costs to appellant to abide the event.