SAM STERN, Respondent, *v.* WILLIAM M. BARRETT, as President of the Adams Express Company, Appellant.

*Carriers — foreign postal remittances — express company receipt — oral promise for delivery of payee's receipt to sender — breach of contract — damages — evidence.*

Appeal by the defendant from a judgment of the Appellate Term of the Supreme Court, First Department, in favor of the plaintiff, entered in the New York county clerk's office November 18, 1921, affirming a judgment of the Municipal Court, Borough of Manhattan, Second District, for the sum of $244, after a trial without a jury.

Determination affirmed, with costs. No opinion. Present — Clarke, P. J., Smith, Page, Merrell and Greenbaum, JJ.; Smith, J., dissenting.

SMITH, J. (dissenting): The complaint alleges that upon the 25th day of April, 1916, the plaintiff delivered to the defendant the sum of $154, with instructions to transmit the said amount to one Stern Salomone, Szasoka, Beregmegye, and that thereafter, and about the 25th day of July, 1916, the plaintiff delivered to the defendant the sum of $67, with instructions to transmit the said moneys to the same person; that defendant undertook and guaranteed to transmit the amounts as aforesaid to the person aforementioned and to furnish the plaintiff with a receipt showing delivery of said moneys to the said person or to refund the said amounts to the plaintiff; that the defendant has not furnished this plaintiff with a receipt showing delivery of the said moneys to the person above named, although duly demanded, and there is now due and owing from defendant to the

plaintiff the sum of $221, no part of which has been paid, although duly demanded. It will be noticed that the complaint does not allege the non-payment of these moneys. But the cause of action in the complaint is based entirely upon non-delivery of a receipt from the consignee. The contract is represented by two receipts given by defendant for the different amounts, similar in form. One of these receipts is here set forth:

" Adams Express Company                         10-263424
                                        " Foreign Postal Remittance
                                                " Receipt
                                                    " Not Negotiable
                    " Kahan, Hubscher & Sack
" At......319 E. Houston St.
" For remittance to......Stern Salomone
                                        " Give full name

                                        . . . . . . . . . . . . . . . . . . . . . . . . .
                        " Szasoka
    " Give Street and City or Town, District Province
                "NOT GOOD FOR MORE THAN
                    " One Hundred Dollars
" 5 posta Szolyvarhars......falva
                    " County and Country
" Foreign Money
" Kronen 550                                     Beregmegye
                                                    " Agent
                                            " Hungary.

            " April 25, 1916
        " Received from
                " Sam Stern
        " Received payment
                " At 132 Goerck St.,
    " Give residence Address
            " April 25, 1916
                " N. Y.
        " City and State
        " Kahan, Hubscher & Sack
                " Seventy Seven 100
                    " Dollars."

" This remittance will be forwarded to the payee named, subject to the rules and regulations of the various Post Offices used in making the remittance.

" No claim, covering non-delivery or wrong delivery of this remittance, or for failure to produce receipt, or for postage deposited for return of payee's receipt, will be considered after 90 days from date thereof.

" Accepted subject to delay resulting from war."

In addition to the terms of this contract, the plaintiff has sworn that the defendant agreed to deliver to him the receipt of the consignee that the money had been received. This evidence was incompetent, as varying the terms of the written instrument, which had become the contract of the parties, by showing an additional

promise made by the defendant not included therein. The receipt given by the defendant and accepted by the plaintiff constitutes the contract between the parties. This would be so, although the receipt was not signed, and an acceptance by the plaintiff implies assent to its terms. (1 Williston Cont. §§ 90-a, 90-b.) Any oral agreement, therefore, which adds to the contract an additional promise varies the written contract evidenced by this receipt and acceptance and is not permitted. (See *Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291; *Watkins Salt Co.* v. *Mulkey*, 225 Fed. Rep. 739, 744; *Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359.) It is claimed that the real consideration of a written contract may be shown by parol. But this rule does not permit a party to show another promise as part of the consideration where that promise is not supported by independent consideration. (1 Williston Cont. §§ 115-a, 115-b.) Even if this promise had been included within the written instrument, the failure to deliver the receipt would, I think, have been insufficient to authorize a rescission of the contract where the defendant had actually purchased the kronen stipulated for and they had been sent on for delivery, for two reasons, *first*, because the defendant could not be put *in statu quo*. With the depreciation of the kronen the defendant would suffer loss if plaintiff were allowed to rescind and recover the original consideration. Rescission is based upon equitable principles and will not be allowed where the parties cannot be put *in statu quo*. (See *Scheibe* v. *Zaro*, 199 App. Div. 807.) The second reason why the plaintiff cannot rescind is that the only allegation of non-performance is of non-delivery of the receipt of the consignee, which is not so substantial a breach of the contract as to authorize a rescission in the absence of evidence showing that the moneys had not been deposited. (See 6 R. C. L. 926; *Herzog* v. *Transatlantic Trust Co.*, 172 N. Y. Supp. 394.) The plaintiff's measure of damage is clearly the value of the kronen as of the time when they should have been delivered to the consignee, as his only loss is the loss of the performance of the contract and not the consideration paid. (See *Beecher* v. *Cosmopolitan Trust Co.*, —— Mass. ——; 131 N. E. Rep. 338; *Katcher* v. *American Express Co.*, 94 N. J. Law, 165; *Scheibe* v. *Zaro*, *supra*.) While evidence of the price paid therefor is some evidence of the value of the kronen at the time the contract was made, with the daily fluctuation in the value of exchange, there is no presumption that the same value continued thirty days or six weeks thereafter, or whatever time might be held to be a reasonable time contemplated in the contract for the delivery of these moneys. The determination of the Appellate Term and the judgment of the Municipal Court should, therefore, be reversed and a new trial granted, with costs to appellant in all courts to abide the event.