■ CONN ORGAN CORPORATION, Appellant, v WALT WHITMAN MUSIC STUDIOS, INC., et al., Respondents, et al., Defendant.—In an action, *inter alia,* to recover the value of goods sold and delivered, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated March 13, 1978, which denied its motion for summary judgment. Order modified, on the law, by deleting the word "denied" from the decretal paragraph thereof and substituting therefor the following: "granted to the extent that plaintiff is awarded partial summary judgment on the third and fourth causes of action asserted in its complaint in the sum of $42,000 and is in all other respects denied." As so modified, order affirmed, with $50 costs and disbursements payable to plaintiff. The defendant Walt Whitman Music Studios was a dealer in the plaintiff's products. In 1969 its principals, the two individual defendants, decided to expand their operations to a new shopping center. They formed a new corporation, Smithhaven Music Center, and leased space at the new location. In order to finance construction of the new store, Smithhaven Music borrowed $50,000 from plaintiff and gave its demand note for that sum. The note was guaranteed by the individual defendants and by Walt Whitman Music Studios. Subsequently, Smithhaven Music borrowed another $10,000 from plaintiff but no note was given and no memorandum of the loan was executed. Commencing in 1974 the defendants paid a total of $8,000 on the loans. In 1977 the businesses of the corporate defendants failed and the plaintiff sued, *inter alia,* to recover the principal of the loans with interest, less the $8,000 paid on account. In response to plaintiff's motion for summary judgment, the respondents alleged that the

loans were made as part of a general trade practice whereby organ manufacturers would lend the money necessary to open a store with the understanding that the loan would be forgiven if the business was successful after a stated period of time. Special Term held that these allegations of a trade practice with regard to such loans raised a question of fact that was sufficient to preclude summary judgment. With respect to the third and fourth causes of action asserted in the complaint, which seek to recover on the note against the maker, Smithhaven Music Center, and the guarantors, summary judgment should have been granted to plaintiff. The defense asserted against this note amounts to nothing more than an oral agreement that although the note was valid when delivered, if the Smithhaven Music Center's sales met the expectations of the parties, the loan would be canceled after two years. Proof of this oral agreement is barred by the parol evidence rule. Where the parties have reduced their agreement to a writing, that rule operates to exclude evidence of any prior or contemporaneous oral agreement when offered to contradict, vary, add to, or subtract from the terms of the writing (Richardson, Evidence [Prince, 10th ed], § 601; *Thomas v Scutt,* 127 NY 133). Where, as here, the delivery of the note was unconditional but was subject to an oral agreement that the debt would be forgiven upon the happening of a future event, that agreement may not be proven by parol evidence (see *Jamestown Business Coll. Assn. v Allen,* 172 NY 291; *Grannis v Stevens,* 216 NY 583, 588; accord *Farmers Co-op v Levine,* 36 AD2d 656; *Solomon v Van De Maele,* 21 AD2d 396). However, the parol evidence rule works only to prevent the contradiction of the terms of a written instrument. Since the loan of $10,000 which forms the basis for the plaintiff's fifth cause of action was wholly oral, parol evidence is admissible with respect thereto. The record presents questions of fact as to whether the $8,000 paid was intended to be credited against only one of the loans, and whether it was to be applied against the principal of the loans or against accrued interest. These issues will be resolved at the trial. Even if the full $8,000 is credited against the principal of the $50,000 loan, it is clear that plaintiff is now entitled to at least partial summary judgment on the note in the sum of $42,000 together with accrued interest on that amount. We have considered the other arguments raised on appeal and find them to be without merit. Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.