WARE v. SMITH ET AL.

1. **Promissory Notes**: DELIVERY TO PAYEE WITHOUT AUTHORITY.
   Where defendant executed notes and a mortgage for the purchase price
   of land bought of plaintiff through his agent, but, immediately upon the
   exchange of the securities for the deed, defendant objected to the deed,
   because it was not a deed of general warranty, whereupon it was agreed
   that plaintiff's agent should hold the notes and mortgage, and that he
   should procure a regular warranty deed for the defendant, but he failed
   to procure such deed, and delivered the securities to plaintiff, *held* that
   plaintiff had no right to the securities, and that his action to foreclose
   the mortgage was properly dismissed.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, DECEMBER 5.

ACTION to foreclose a mortgage given to secure certain promissory notes.   The defendants pleaded, in substance, that the transaction out of which the notes and mortgage grew was never consummated, and that the notes and mortgage never took effect.   There was a decree for defendants.   The plaintiff appeals.

*McKenzie & Hemingway*, for appellant.

*D. W. Dow*, for appellee.

ADAMS, J.—The defendant, E. A. Smith, entered into a negotiation with the plaintiff, through his agent, one Ellsworth, for the purchase for E. A. Smith's wife, the defendant L. B. Smith, of eighty acres of land.   The price was agreed upon and certain papers drawn, including the notes and mortgage in question.   A deed was made by the plaintiff, running to the defendant, L. B. Smith.   The notes and mortgage passed into Ellsworth's hands, and the deed passed into the hands of E. A. Smith, who was acting for his wife; but, immeditely upon inspecting the deed, he objected to the same. The deed contained covenants merely of special warranty; that is, covenants merely against the grantor's own acts; and

Smith claimed that he was entitled to a deed with full covenants. Such deed was never given. So far there is no controversy. As to how the transaction between Smith and Ellsworth was finally left, there is some conflict in the evidence. Smith testified, in substance, that he did not accept the deed offered; that it was agreed that it should not be recorded, and that the transaction should be left open and unconsummated, and that Ellsworth should procure a deed with full covenants, and that the notes and mortgage should not be delivered to Ware until such deed was procured. Ellsworth in his testimony rebuts Smith to some extent. He did not keep the notes and mortgage, but sent them to Ware, and testifies in substance that he did not understand that he was to retain them, but understood that the transaction was closed.

We are satisfied, however, that the preponderance of the evidence is in favor of the defendants. Ellsworth in his testimony says: "I was to start next day from home for three months, and every thing was closed up hurriedly." Under such circumstances, we can easily conceive that his memory might not be as reliable as it would be under other circumstances. He says, indeed: "We had a good deal of talk on that day about it, the details of which I can't recollect." What is more, his testimony in some respects corroborates Smith. He remembers that it was ascertained at the time that Ware's title was only a tax title; that Ware's deed was not satisfactory; that it was submitted to an attorney, who declared that it was simply a quit claim; that Smith expected to get a good title, as he claimed that he was paying more than the land was worth; that there was a good deal of talk about a warranty deed, and the responsibility of Ware; that he told Smith that Ware was a large land holder in Iowa, and he would consider his warranty deed good. We think that the transaction was not consummated, and that the papers drawn passed wrongfully into Ware's hands, and did not take effect.

AFFIRMED.