INDEPENDENT DISTRICT OF CORWITH, Appellee, v. DISTRICT TOWNSHIP OF LU VERNE *et al.*, Appellants.

Appeal: QUESTIONS NOT RAISED BELOW. .

*Appeal from Kossuth District Court.*—HON. GEORGE H. CARR, Judge.

FRIDAY, JANUARY 27, 1893.

ACTION of *mandamus* to compel the defendant and its board of directors to meet the plaintiff's board of directors, or to appoint arbitrators for making an equitable division of the assets and liabilities of the district township of Lu Verne as they existed at the time of the plaintiff's organization. Verdict and judgment for the plaintiff. The defendants appeal. —*Affirmed.*

*Geo. E. Clarke,* for appellants.

*W. E. Bradford,* for appellee.

KINNE, J.—I. This is a proceeding by *mandamus*, on part of the plaintiff district to compel the board of directors of the defendant district township to meet with the plaintiff's board of directors, or to appoint arbitrators for making an equitable division of the assets and liabilities of said district township as it existed at the time of the plaintiff's organization, in pursuance of the provisions of the statute. The petition contained the necessary averments. The defendants, by their answer, denied that the plaintiff was a civil corporation; also denied that at the date of the plaintiff's pretended organization there were living within the incorporated limits of the town of Corwith two hundred inhabitants, or any number in excess of one hundred; denied that any notice of the pretended election for the creation of the plaintiff district was ever given, as required by statute, in this: that the notices were not given by the board of directors of the township in which a majority of the legal voters of the contemplated district resided, and they did not post said notices as required by law, and fraudulently posted the same so as to keep their purpose from the residents of the district townships of Lu Verne and Prairie, whereby the latter were not apprised of the plaintiff's acts, and were prevented from taking an appeal from the action of the board of the district township of Magor.

II. It will be observed that the plaintiff sues as a corporation, and avers generally, as is provided by statute, its corporate capacity. Code, section 2716. If the defendant intended to controvert the plaintiff's allegation of corporate capacity, it should have set out the facts it relied upon. Code, section 2717. A careful examination of the answer satisfies us that the only issues raised thereby were: *First,* whether the town of Corwith had

two hundred inhabitants living within its limits at the time plaintiff was organized; *second*, whether such a notice was given as is required by law; that is, posted at the places provided by the statute. No issue was made as to whether the notices were signed by the board, or that, if signed by the clerk, the record must show his authority for so doing. Nor was any question raised as to the signature attached to the notices, nor that the board of directors of the district township of Magor did not have jurisdiction to act, because of the insufficiency of the petition presented to them. Each and all of these matters, though not pleaded in the court below, are urged here. The only question raised by the answer, touching the notices, was that they were not posted as required by law. Neither that, nor the question of population, are now argued. The defendant, having in its answer pointed out certain specific objections which it urged below as a defense to the plaintiff's claim, can not now be heard to insist upon others not put in issue by the pleadings. This court has always refused to review questions not raised in the lower court.

The judgment of the district court is AFFIRMED.