### W. F. JOHNSTON, Appellant, v. LYMAN COLE.

**Bonds:** SURETIES: *Delivery.* Where a surety signs a bond, with an agreement that it should not be delivered until another, whose signature is not obtained, should sign as co-surety, and never authorizes a delivery, there is no liability.

KINNE, C. J., took no part in this case.

*Appeal from Grundy District Court.*—HON. FRED O'DONNELL, Judge.

WEDNESDAY, MAY 12, 1897.

PLAINTIFF made a contract with J. T. Elliott, to construct for him a house and barn, for the agreed price of ten thousand dollars, in accord with certain plans and specifications, and to complete the same by January 1, 1882. The contract provided that, should there be a failure to complete the buildings in accordance with its terms, the same might be completed by the plaintiff, and that Elliott should be answerable in damages, including a penalty of five dollars per day for the time after the day fixed for the completion of the buildings. As security for the performance of his contract, Elliott was to execute a satisfactory bond to plaintiff for the faithful performance of his contract, and the defendant appears as a surety on a bond executed in pursuance of such contract. The petition shows a breach of the contract in several particulars, and especially that the buildings were not completed

in the time required, nor, in fact, at all, by Elliott, and that plaintiff completed the same, and made payments so that his aggregate damage is four thousand, one hundred and eighty-nine dollars and fifty-four cents, for which he asks judgment against defendant, as surety on the bond, with interest thereon. The answer consists of denials, and a defense that may be more particularly noticed in the opinion. The cause was tried to a jury that found for ·defendant, and from a judgment thereon the plaintiff appealed.—*Affirmed.*

*J. W. Willett* for appellant.

*Boies & Boies* for appellee.

GRANGER, J.—Elliott, who was principal in the bond, is not a party to the suit. There is no liability in the case unless the bond is valid as to the defendant. Defendant admits that he signed his name to the bond as surety, but that it was never delivered with his knowledge or consent. He says, in his answer, that the bond was presented to him for his signature, and that it was agreed that the bond was not to be delivered to plaintiff unless one Morrison should become a co-surety thereon with defendant; and he further says that Morrison's signature was not obtained thereto. Defendant introduced evidence directly in support of such plea, and the court instructed the jury to the effect that, if the plea was sustained by the proofs, there could be no recovery. It affirmatively appears that Morrison's name is not to the bond. The jury answered in the negative the following interrogatory submitted by the court: "Did Lyman Cole deliver the bond sued on to the plaintiff, or authorize the delivery thereof, without the signature of Morrison thereto?" This cause was tried in

December, 1893. The division of the answer referred to has been in no way questioned as to sufficiency, and under repeated holdings of this court it must be taken as stating a defense. Such was the uniform holding prior to the Act of the Twenty-fifth General Assembly, which somewhat changed the law in that respect. The legal effect of the special finding is that the bond is of no validity against defendant. Unless its effect is in some way avoided, it seems conclusive of the case, for the bond is the basis of the action, as this defendant is in no way a party to the contract on which default is claimed. It is said that Elliott, who is principal in the bond, delivered it to Johnston. That is true, but it was without authority. The issues present no facts to bring in question the legal effect of such a delivery. The facts pleaded as a defense are proven, as shown by the special verdict. The plea was of defensive matter, as to which the law operated as a denial, so that an issue was presented on which evidence was taken, and the question definitely determined. The general verdict was also for the defendant; so that, with the bond of no validity, there can be no recovery. It is not important to consider other questions. The judgment must be AFFIRMED.

KINNE, C. J., took no part in this case.