Independent District of Corwith, Appellant, v. District Township of LuVerne.

Arbitration: SCHOOLS.   Arbitrators appointed under Code, 1873, section 1715, providing that in case of the formation or change of boundaries of independent districts, the respective boards of directors shall make an equitable division of the then existing assets and liabilities between the old and the new districts, and if unable to agree the matter may be decided by arbitrators chosen

by the parties in interest—can consider only such assets and lia-- bilities as existed between the districts at the time the new dis trict was organized.

*Appeal from Kossuth District Court.*—HON. W. B. QUARTON,. Judge.

SATURDAY, DECEMBER 17, 1898.

THIS is an action in equity to set aside an award of arbi- trators made under section 1715 of the Code of 1873. Decree- was rendered dismissing plaintiff's petition, and for costs.. Plaintiff appeals.—*Affirmed.*

*C. R. Wood and Sullivan & McMahon* for appellant.

*Clark & Cohenour* for appellee.

GIVEN, J.—The plaintiff district was organized in the- spring of 1887; taking as part of its territory sections 1, 2, 11,. and 12, township 94, range 27, out of the district township.. In 1891, the plaintiff brought an action in the district court,. "praying a writ of mandamus issue against the defendant,. requiring the defendant to meet with plaintiff for the pur-- pose of making equitable division of the assets and liabilities. of said defendant." Judgment was rendered as prayed, which: judgment was affirmed on appeal to this court. See 88 Iowa, 713. Arbitrators were selected, the matter submitted to them,. and on the ninth day of April, 1896, an award, signed by two of the arbitrators, was filed in the office of the clerk, finding- "that upon the equitable settlement between the parties there: is two hundred dollars ($200) due this plaintiff from defendant." The other arbitrator filed a report finding "in favor of the plaintiff in the sum of $1,769.67, with 6 per cent.. interest on $1,608.39 for equated time same has been held by them." It appears that for the years 1883 to 1886,. inclusive, the defendant had received one hundred and: seventy-three dollars and ninety-four cents taxes derived from.

said sections 1, 2, 11, and 12; also, that for the years 1887 to 1894, both inclusive, the defendant realized one thousand six. hundred and eight dollars and thirty-nine cents taxes derived from said sections. There were no other assets or liabilities to be equitably divided. It is appellant's contention that these entire taxes, with interest, should have been awarded to the plaintiff; while appellee contends that it was only the assets existing at the time the plaintiff district was organized that. the arbitrators had any power to consider, and that the allowance of two hundred dollars was an equitable division of the taxes then in the hands of the defendant to which the plaintiff was entitled.

Said section 1715, Code 1873, provides that, in case of the formation or change of boundaries of independent districts,. "the respective boards of directors shall, immediately after such organization, make an equitable division of the then existing assets and liabilities between the old and new districts; and in case of failure to agree, the matter may be decided by arbitrators chosen by the parties in interest." The evident purpose of this statute is to provide for the division of assets and liabilities as they existed at the time of the formation or change of boundaries. It is the equitable division "of the then existing assets and liabilities" that is to be made, and the provision has no reference to other assets, nor to liabilities subsequently arising between the two corporations. Surely defendant was not liable to plaintiff for the taxes derived from said sections of land prior to the time of plaintiff's organization, and plaintiff was not entitled to such of the taxes as had been derived from said lands and expended for school purposes prior to its organization. Plaintiff was organized in the spring of 1887, and was therefore entitled to the tax derived from these lands for the year 1886, namely, forty-four dollars and three cents; and it was this. sum that constituted "the then existing assets and liabilities." The majority of the arbitrators seem to have acted upon the theory that plaintiff was entitled to be allowed, in their award,

the taxes for the year 1887, amounting to one hundred and forty-four dollars and thirty-seven cents, and it is this amount, with interest, that makes up their award of two hundred dollars; but, as the defendant has not appealed, we are not asked to consider whether a less sum should have been allowed. We are of the opinion that the arbitrators had no power to consider any other assets and liabilities than those existing between the parties at the time the plaintiff district was organized, and that the award was an equitable division as to these, of which the plaintiff has no cause to complain. What the right of the parties may be as to taxes thereafter derived from said sections of land, we do not determine.

Counsel discuss the character of this award, and when and for what causes awards will be set aside; but, in the view we take of the case, we are not called upon to follow this discussion. The decree of the district court is AFFIRMED.