PETER NIBLOCK, Respondent, *v.* HOMER SPRAGUE, Appellant.

Bills, notes and checks — delivery of promissory note upon a condition — when question of fact for jury — evidence — when conditional delivery may be proved by parol.

A promissory note may be delivered upon a condition, the observance of which is essential to its validity as between parties to the paper, and where an answer contains an explicit denial of the delivery of the note as alleged in the complaint, and avers a delivery to a different person upon a condition which has not been fulfilled, it raises a question of fact for the jury.

Where the maker of a promissory note in a suit against him by the payee pleads a conditional delivery of the note and the non fulfillment of the condition, such conditional delivery may be proved by parol, and the parol proof is not deemed to be an attempt to vary or contradict the written contract between the parties.

*Niblock* v. *Sprague*, 134 App. Div. 910, reversed.

(Submitted December 12, 1910; decided January 10, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 13, 1909, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. Fillmore Brown* for appellant. The case should have been submitted to the jury. (*Hoffman* v. *Foot*, 172 N. Y. 350.) The defendant had the right to annex conditions to the delivery of the note. (*Seymour* v. *Cowing*, 1 Keyes, 532; *Julliard* v. *Chaffee*, 92 N. Y. 535; *Eastman* v. *Shaw*, 65 N. Y. 522.)

*Walter W. Chamberlain* for respondent. The answer of the defendant as qualified by the admissions of his counsel in his opening presents no defense or questions of fact. (*Niles* v. *Culver*, 8 Barb. 205; *Lafarge* v. *Rickert*, 5 Wend.

187; *White* v. *Talmage,* 4 J. & S. 223; *Terry* v. *Wheeler,* 25 N. Y. 520; *M. Nat. Bank* v. *Jones,* 76 App. Div. 533; *Oppenheimer* v. *Kruckman,* 84 N. Y. Supp. 129; *Pratt & Whitney Co.* v. *Pneumatic Co.,* 50 App. Div. 369; *Block* v. *Stevens,* 72 App. Div. 246; *Eldridge* v. *Crow,* 57 N. Y. S. R. 501.)

WILLARD BARTLETT, J. This is an action by the payee against the maker of two promissory notes for $150 each, payable three months after the date thereof, which was October 1, 1901, and alleged in the complaint to have been made, executed and delivered to the plaintiff on that date. The answer denies the making, execution and delivery of the notes as alleged in the complaint, but admits that the defendant signed the notes and delivered the same under the following circumstances: The parties to this action had been copartners in the business of farming. The partnership was dissolved on December 31, 1900, by a paper writing which is stated to be attached to the answer, but does not appear in the record. The plaintiff and defendant thereafter entered into a further agreement whereby, in consideration of whatever the defendant owed the plaintiff for work done since the dissolution, the defendant agreed to turn over and the plaintiff agreed to receive a pair of horses, a lumber wagon, a double harness, a pair of blankets and a mow of hay. In addition the defendant agreed to give the plaintiff $300, which, however, was not to be paid until all the partnership debts were paid by the defendant. The defendant was to execute and deliver to one Oliver Velzey the promissory notes set forth in the complaint, which were to be held by Velzey until the payment of the partnership debts by the defendant, when, at the defendant's direction, Velzey was to indorse and deliver them to the plaintiff; but "the said notes were to have no inception until the plaintiff had kept his agreement, said partnership debts were paid and a direction by the defendant to said Velzey to deliver said notes to the plaintiff."

The answer further alleges that the notes were executed and delivered to Velzey accordingly; that the plaintiff removed all the property which has been mentioned and likewise a wagon worth $50 without the defendant's knowledge or consent; that the plaintiff refused to return this wagon, whereupon defendant notified him that he had failed to keep his agreement and the defendant would not pay the $300, but that thereafter, in May, 1906, the plaintiff wrongfully and without the defendant's knowledge or consent obtained possession of the promissory notes.

Finally, there is an averment that a portion of the partnership indebtedness remains unpaid and a denial of the allegation in the complaint that the plaintiff is the owner of the notes in suit.

Upon the trial counsel for the plaintiff offered the notes in evidence and rested. Counsel for the defendant outlined his defense, as pleaded, to the jury, whereupon plaintiff's counsel moved for judgment on the ground that the opening stated no defense. After a short discussion the trial judge directed a verdict for the plaintiff in the sum of $430.33, upon the rendition of which an exception was taken in behalf of the defendant.

I think this exception suffices to raise the question whether the plaintiff was entitled to the direction of a verdict. The answer contains an explicit denial of the delivery of the promissory notes as alleged in the complaint. It avers a delivery to a different person upon a condition which has not been fulfilled. A promissory note may be delivered upon a condition the observance of which is essential to its validity as between parties to the paper. (*Bookstaver* v. *Jayne*, 60 N. Y. 146.) The condition here pleaded may be regarded as extraordinary, and one to which the plaintiff would not be likely to agree; but we are not concerned on this appeal with the truthfulness of the pleader, but with the sufficiency of his plea. If the agreement between these parties was what the answer says it was, there was never any authorized delivery of the notes and they had no valid inception. The defendant

is not endeavoring to alter the contract evidenced by the notes; he is merely asserting that the contract which the notes express was never entered into at all, because the contingency upon which the notes were to be delivered has never occurred. He should have been allowed to lay before the jury such proof as he had to sustain his contention in this respect. It may be conceded that it is unusual for a creditor to agree that payment shall depend upon some act or event wholly within the control of his debtor; but we cannot hold as matter of law that such an agreement is incredible. Where the maker of a promissory note in a suit against him by the payee pleads a conditional delivery of the note and the non-fulfillment of the condition, such conditional delivery may be proved by parol, and the parol proof is not deemed to be an attempt to vary or contradict the written contract between the parties. (*Higgins* v. *Ridgway*, 153 N. Y. 130.)

In my opinion this case was erroneously disposed of below, and the defendant is entitled to a reversal and new trial, costs to abide event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.