SELMA SAVINGS BANK, Appellee, v. H. A. HINKLE, Appel-
lant.

**BILLS AND NOTES:** Delivery—Conditional Delivery—Principal
1   and Surety.  A surety on a promissory note may show, against
the original payee, and as a complete defense, that the note
in question was delivered to said payee on the condition that
said note should not become effective against the surety until
the payee first secured from the principal maker certain speci-
fied indemnity in favor of the surety, and that the payee whol-
ly failed to fulfill said condition.

**PRINCIPAL AND SURETY:** Discharge of Surety—When Liability
2   Re-attaches.   When a promissory note upon which one is liable
as surety is surrendered and cancelled by being computed and
embraced in a new note to the same payee, and signed by the
same principal and surety, and said new note never becomes ef-
fective against the surety, by reason of the nonfulfillment of
the condition upon which it was delivered, the former liability
of the surety under the old surrendered and cancelled note im-
mediately re-attaches (in equity).

*Appeal from Van Buren District Court.*—SENECA CORNELL,
Judge.

MARCH 18, 1918.

SUIT on a promissory note.   Opinion states the facts.
Both parties appeal.—*Affirmed on both appeals.*

*Walker & McBeth,* for appellant.

*J. C. Calhoun* and *Sloan & Sloan,* for appellee.

1. BILLS AND
NOTES: deliv-
ery: condi-
tional deliv-
ery: prin-
cipal and
surety.

GAYNOR, J.—This case was originally
brought on a $545 note, executed by one
Harlan to the plaintiff, on which this de-
fendant was surety.   In that case, no de-
fense was made by Harlan, the maker of

the note; but this defendant, Hinkle, interposed defenses
that are now urged here. The cause was tried to a jury,
and, at the conclusion of the testimony, the court directed
a verdict for the plaintiff. From this, defendant, Hinkle,
appealed, and the cause was reversed, on the ground that
the defense interposed was a good defense if the facts upon
which the defense was predicated were proven, and that the
evidence presented a fair question for the jury as to the
sufficiency of the proof to establish the defense. That case
is reported in 167 Iowa 673. The case was remanded to
the district court and another trial had, but, upon the sec-
ond trial, plaintiff amended its petition, alleging that the
plaintiff accepted the $545 note in full payment of three
other notes, on one of which defendant, Hinkle, was surety;
that this note on which defendant was surety was surren-
dered on the theory that the $545 note was delivered in lieu
of that note; that note was a $375 note. In such amend-
ment, plaintiff says that, in the event the court should find
that said $545 note was delivered to plaintiff upon the con-
ditions alleged by the defendant, Hinkle, then the $375 note
was surrendered and cancelled through a mistake, and plain-
tiff is entitled to have said settlement and delivery set aside
and held for naught. That, in the event the court should
find and determine, for any reason, that the said $545 note
was delivered to plaintiff on conditions, and that, because of
such conditions, the same did not become effective, then,
the plaintiff alleges, the said $375 note has not been paid,
and is due and still the property of the plaintiff, and he
asks that, in that event, plaintiff have judgment for the
$375, with interest.

Upon the filing of this amendment to the petition, with-
out objection, the cause was transferred to equity. Upon
this trial, the court found that the $545 note, the one origi-
nally sued upon, did not become effective as an obligation
against the defendant, but found that in the $545 note was

included this $375 note, which was also signed by the defendant as surety, and that, by failure of the $545 note to become effective, for the reasons urged by the defendant, the payment and delivery of the $375 note should be cancelled and set aside, and plaintiff allowed to recover on the $375 note, with interest.

Plaintiff appeals from the holding of the court that it was not entitled to recover on the amount of the $545 note. Defendant appeals from the finding of the court in favor of the plaintiff on the $375 note.

A proper understanding of this case makes it necessary to state the transactions as they appear in the record. The $375 note on which recovery was had was dated December 5, 1911. It was executed by Harlan, and plaintiff claims that defendant was a surety thereon. This note was due in six months. On March 25, 1912, Harlan and wife executed another note to plaintiff bank for $30, payable on demand. On June 3d, the bank loaned Harlan $140, and took the note of Harlan and his wife therefor. So it is apparent that, at the time the $545 note was executed, there was due from Harlan to the bank, if plaintiff's contention is correct, this $375 note, a $30 note, and a $140 note, making, in all, $545. This $545 note was dated August 20, 1912, and was signed by Harlan, with Hinkle as surety.

So it is apparent that the plaintiff is asking an alternative judgment. First, he prays for judgment on the $545 note; but, in the event it is found by the court that the $545 note did not become effective, then defendant asks judgment on the $375 note, which was surrendered on the theory only that the $545 note did become effective.

The defense urged by Hinkle, the defendant, against the enforcement of the $545 note is that, when he signed said note, he signed it as surety for Harlan; that some arrangement had been made between him and Harlan by which Harlan was to give him an assignment of his interest in his fa-

ther's estate, to secure him for signing it as surety for Harlan. The contention of Hinkle is that, when he signed this $545 note as surety for Harlan, he gave it and a blank assignment to the plaintiff's cashier, together with instructions that, when Harlan and his wife signed and acknowledged the assignment, and signed a note to him for the amount of the $545 note, then the $545 note to the bank was to become effective, and not before. That is, when he delivered this $545 note sued upon, it was understood between him and the bank that that note, as against Hinkle, was not to be effective until this assignment, duly signed and acknowledged both by Harlan and his wife, and another note made by Harlan and his wife to this defendant, Hinkle, to represent the amount which he had secured by the execution of the $545 note, were properly executed and delivered. It was the claim of Harlan, at the time, that he had a one-fourth interest in his father's estate, which consisted of 200 acres of land and some personal property. The assignment was left with the bank for execution, in accordance with such agreement. We think the record shows fairly that the understanding was that the cashier of the bank would procure the signature of Harlan and wife to the assignment, have the same duly acknowledged, and also secure from Harlan and his wife a note in favor of the plaintiff, and that the $545 note sued upon was not to become effectual, as against Hinkle, until this assignment was procured. Without setting out the evidence, it appears that this assignment was not procured, as called for by this understanding, and Hinkle did not become vested with the interest of Harlan in his father's estate, to secure him against loss on this $545 note, signed as surety. In the former case (167 Iowa 675) it was said:

"It is plain from this recital that the evidence raised the issue of whether the note [that is, the $545 note] was to take effect only on the contingency of the bank first pro-

curing the execution of the note by Harlan and wife, and the acknowledgment of the assignment by them. * * * That a promissory note may be delivered on condition the observance of which is essential to its validity between the original parties thereto, is recognized by Section 3060-a16, Code Supplement, providing that in such case 'the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring property in the instrument,' and is in harmony with the decisions of this and other courts. *Ware v. Smith,* 62 Iowa 159; *Johnston v. Cole,* 102 Iowa 109; *Niblock v. Sprague,* 200 N. Y. 390 (93 N. E. 1105). If the agreement was as testified by Hinkle, there was never any authorized delivery of the note, and it never became binding on the defendant. * * * His claim is that such contract was never entered into at all, for that the contingency upon which the note was to be deemed delivered never occurred. Parol evidence of the condition was admissible; for it was not an attempt to vary or contradict the written instrument."

We think the court was justified in finding that the condition was exacted and was never performed, and that the note did not become effectual as against Hinkle, and the district court was right in so finding.

2. PRINCIPAL AND SURETY: discharge of surety: when liability re-attaches.

The cause was in equity. The court reached the conclusion that the $545 note did not become effective, because of the failure of the condition on which it was to become effective; that, Hinkle having signed that note for $375 as surety, and the cancellation thereof having been made upon the supposition that the $545 note was effective, the cancellation of the $375 note should be set aside, and judgment entered against the defendant, Hinkle, for the amount of the $375 note, with interest. It was said on the former appeal:

"But it is said the cashier was without authority to

surrender the old notes without payment.   If so, doubtless
recovery thereon may yet be had [that is, upon the old
notes]."

As to this $375 note, the only defense interposed by Hin-
kle was that he never signed the note.   To sustain his con-
tention, he assumes to show that, on the date this $375 note
purports to have been signed, he was not in the bank.   The
testimony on the part of the bank is that the note was
signed in the bank on the date it appears to have been signed.
The contention of the defendant is that he was sick on that
day, and had been sick for several days before, with throat
trouble.   The record discloses, we think, with a fair degree
of certainty, that his sickness was not of such a character
as would disable him from visiting the bank on that day.
The distance from his home to the bank and return would
not consume in passage over half an hour.   Expert evi-
dence was introduced by the bank, from which it appears
that the signature on this $375 note is in the genuine hand-
writing of the defendant, Hinkle.   The evidence is of such
a character that we cannot escape the conclusion that Hinkle
is mistaken in saying that he did not visit the bank on that
day.   More than two years had intervened, and undoubt-
edly many things had occurred during that intervening time.
Hinkle testified that he was in the habit of signing notes
as surety.   He said, "In the habit of helping fellows out."
The evidence at least convinces us that the signature on the
$375 note is in the genuine handwriting of the defendant,
Hinkle, and that he is bound by it.

The law questions involved in this suit are, we think,
fairly settled in the last decision, at least so far as the $545
note is concerned.   As to the second note, the $375 note, the
record presents only a question of fact.

We are satisfied with the holding of the court under the

record made, and the case is affirmed on both appeals.—
*Affirmed.*

PRESTON, C. J., LADD and STEVENS, JJ., concur.