HOAGLAND, ALLUM & COMPANY, INCORPORATED, Appellant, *v.*
ALLAN-NORMAN HOLDING CORPORATION, Respondent.

First Department, January 31, 1930.

*William Osgood Morgan* of counsel [*Richard W. Hagan, Jr.*,with him on the brief; *Noble, Morgan & Scammell*, attorneys], for the appellant.

*J. Irwin Shapiro*, for the respondent.

FINCH, J. The plaintiff appeals from a judgment dismissing the complaint and granting judgment to the defendant upon its counterclaim. The questions presented by this appeal are: *First*, whether, in an action upon a non-negotiable promissory note the making and delivery of which is admitted by the defendant, the latter is entitled to the admission of evidence in support of a defense alleging that the note was to have no inception unless and until the defendant should refuse to make and deliver a certain mortgage pursuant to an oral agreement to make like loans over a period of five years of which the giving of said note was a part. *Second*, whether the defendant is entitled to a recovery upon its counterclaim of damages for the breach by the plaintiff of this oral agreement, where the plaintiff in its reply has set up the Statute of Frauds as a defense.

The facts are as follows: The defendant purchased certain real property subject to a mortgage of $1,000,000, given to secure a bond issue for a like amount. Shortly after purchasing the property the defendant found that the income therefrom was insufficient to pay the carrying charges and also amortization payments of some $25,000 annually required by the mortgage. The plaintiff was not the mortgagee but had sold the bond issue to the public in denominations of $1,000. The defendant notified the plaintiff that because of the aforesaid insufficiency of income to cover the required payments, it would have to abandon the property, unless it could be relieved from the amortizations. The plaintiff was anxious to avoid a default under the mortgage and resultant foreclosure, but was unwilling itself to assume the amortizations. According to the testimony of the defendant, however, the plaintiff and defendant entered into an oral agreement that for a period of five years the plaintiff would advance the amortization payments, to be secured by a mortgage on the property, and would enter into a written agreement covering the situation upon the return of its president, one Hoagland, from the west. Pending the return of Mr. Hoagland, the plaintiff agreed to advance the sum of $12,750, provided the defendant upon its part would contribute the sum of $9,250 (being the excess of income received by defendant from the property over carrying charges exclusive of amortization

payments) to make up an amortization payment of $22,000 then past due, and thus prevent a default. To this the defendant agreed, provided the entire agreement would be reduced to writing upon the return of Mr. Hoagland as aforesaid. When plaintiff paid the $12,750 it asked the defendant for a note. According to the testimony of the defendant the note in suit was then given upon the agreement that it was merely to protect the plaintiff in the event the defendant should refuse to execute the mortgage to be given as security for all advances, as aforesaid. The defendant also refused to sign a negotiable note but gave a non-negotiable note, to serve, as its testimony showed, merely as evidence of the payment made by plaintiff, and upon the conditions above referred to. The past due amortization payment of $22,000 thus contributed to by both parties was paid to the mortgagee. The plaintiff refused to make any further advances and refused to accept the mortgage which the defendant offered to make and deliver pursuant to the agreement. In consequence defendant defaulted upon the mortgage, which was foreclosed. The plaintiff sued the defendant upon the note for $12,750 given as aforesaid.

The learned trial court sustained the defendant's defense, dismissed the complaint, and granted the defendant judgment upon its counterclaim for damages in the sum of $9,250 paid by defendant upon the aforesaid oral agreement of plaintiff to make advances over a period of five years.

The appellant claims that there was error in receiving testimony that the note was delivered upon a condition, and, secondly, that it was error to permit testimony of the oral agreement, of which the giving of the note was a part.

As to both of these contentions the appellant is in error. The note was given upon a condition precedent, namely, that it should not take effect as a promissory note unless the defendant should refuse to make and deliver a mortgage to the plaintiff. The contingency which was to give inception to the note never happened.

In *Smith* v. *Dotterweich* (200 N. Y. 299) it was said by Judge Werner: "When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact."

The appellant urges that in the case at bar the testimony was inadmissible under the authority of *Jamestown Business College Assn.* v. *Allen* (172 N. Y. 291). That case, however, dealt with facts involving the general rule that a valid contract in writing complete upon its face, may not be varied by parol evidence, and

held that the condition affecting the payment of the note was a condition subsequent to its inception as a valid obligation and was within the parol evidence rule. In the case at bar, as noted, the condition is a condition precedent, and hence is not within the rule. The distinction is ably pointed out by the learned court in *Smith* v. *Dotterweich* (*supra*) where it is said: " The case of *Jamestown Business College Assn.* v. *Allen* (*supra*) is a salient illustration of the converse of this rule. There the promissory note was rendered effective and complete by an unconditional delivery. The payee agreed to release the maker, and to cancel the note, upon a future contingency which might or might not arise. That was clearly a condition subsequent which brought the case within the general rule that a contract reduced to writing and complete in its terms, cannot be varied and contradicted by oral testimony."

It is not necessary, however, to rest our decision entirely upon the aforesaid exception to the parol evidence rule, because the evidence also was properly received upon the ground that the note in question was executed in part performance of a more comprehensive oral agreement. It is well settled that an instrument thus executed does not supersede a larger parol agreement, and does not preclude proof of the actual agreement. As was said by EARL, Ch. J., in *Barker* v. *Bradley* (42 N. Y. 316, 319): " The general rule is not controverted that parol evidence is inadmissible to vary, explain or contradict a written agreement. * * * But here the agreement was not reduced to writing. It was intended by the parties to rest in parol, and the written instruments were subsequently executed in part execution of the parol agreement, and not for the purpose of putting that agreement in writing. It is well settled that a written instrument thus executed, does not supersede a prior parol agreement."

It follows that the evidence in support of the defendant's defense was properly received, and the complaint dismissed pursuant thereto.

Coming now to the counterclaim, which, as shown, was to recover damages for the breach of the parol agreement to make loans over a period of five years in certain definite installments, it is apparent that this agreement could not be performed within a year, and hence, being oral, was unenforcible because of the provision of the Statute of Frauds (Pers. Prop. Law, § 31) that: " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof. * * *."

Although the counterclaim in form was an action for damages based upon the parol agreement, unenforcible under the Statute of Frauds, as aforesaid, nevertheless all the facts being in evidence, it is proper for this court to consider whether the facts fall within the principle holding that a party may not enrich itself by receiving property pursuant to an oral agreement and then plead the Statute of Frauds as a shield to permit it to keep the property, and thus unjustly enrich itself. We find recurrence of this principle in many branches of the law and it is too well established to need citation of authority here. The only question, therefore, is whether it can be said that the $9,250 paid out by this defendant to the Manufacturers Trust Company, as a part of the amortization on the first mortgage, can be said to have been money received by this plaintiff so as to bring it within the principle above named. The mere statement of the facts is sufficient to show that, instead of this plaintiff having acquired property pursuant to this agreement, what it really did was to part with money and thereby suffer damage. To allow the defendant to enforce an oral agreement to the extent of permitting it thus to recover its damage, would be flying directly in the face of the statute.

It, therefore, follows that a recovery upon the counterclaim should not have been allowed, and the judgment should be modified to the extent of reversing judgment upon the counterclaim and dismissing the same, and as so modified affirmed, without costs to either party as against the other.

DOWLING, P. J., McAVOY and MARTIN, JJ., concur; O'MALLEY, J., dissents in part and votes for affirmance.

O'MALLEY, J. (dissenting). I dissent with respect to the dismissal of the counterclaim and vote to affirm the judgment thereon. Because the plaintiff itself lost through its own fraud is no ground for denying the defendant recovery for its loss because of such fraud. The defendant parted with its money upon the faith of plaintiff's promise to carry out its oral agreement. The defendant was not obligated to pay this sum as it had not assumed the mortgage, but had taken the property subject thereto. Its evidence shows that it would have suffered a loss of the property and retained the sum paid out had it not relied upon plaintiff's agreement. To this extent the plaintiff was unjustly enriched.

Judgment modified by reversing so much thereof as grants defendant judgment upon its counterclaim against the plaintiff, and by dismissing the said counterclaim, and as so modified affirmed, without costs.