DANIELS v. GOLDBERG.

No. 21251.

United States Court of Appeals Second Circuit.

April 5, 1949.

CHASE, Circuit Judge, dissenting.

Schlesinger & Krinsky, of New York City (Robert E. Tinsley, of Malverne, N. Y., of counsel), for plaintiff-appellee.

Stroock & Stroock & Lavan, of New York City (Morton L. Deitch and Martin D. Eile, both of New York City, of counsel), for defendant-appellant.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■■■ 1. Defendant (relying on his exception to the charge and on the denials of his requests to charge) contends that the judge erred in telling the jury that it must decide for plaintiff unless "there was a full and complete agreement." Defendant thus asserts that the jury should have been told that defendant must win if the jury found an understanding that the notes were to be replaced by five-year notes if defendant bought the factory.[3] For the purpose of deciding this case, we have viewed it as if defendant's answer had been amended to conform to the evidence, and have construed most favorably to defendant not only the evidence but the New York decisions relative to the parol evidence rule.[4] Even so, we perceive no error. We think defendant was not entitled to a verdict unless the jury found that the specific understanding (as to the replacement of the notes by five-year notes) constituted part of the entire agreement to which defendant's witnesses testified. For there was no evidence of any such a specific understanding apart from such a larger agreement. According-

---

[3] The five years had not expired at the time of suit or judgment.

[4] That is, for purposes of this case, we interpret the New York rule to be as follows: Where a note is delivered upon a condition that it is to be legally inoperative unless certain events occur, the note is to be regarded as if it had not been delivered unless those events occur. See,

e. g., Niblock v. Sprague, 200 N.Y. 390, 93 N.E. 1105; Smith v. Dotterweich, 200 N.Y. 299, 93 N.E. 985, 33 L.R.A.,N. S., 892; Jamestown Business College v. Allen, 172 N.Y. 291, 64 N.E. 952, 92 Am. St.Rep. 740; Hoagland, Allum & Co. v. Allan-Norman Holding Corp., 228 App. Div. 133, 239 N.Y.S. 291.

ly, the charge for which defendant contends was one which the evidence did not justify.

■ 2. That part of Dr. Klein's testimony which by inadvertence was not read to the jury contained nothing of significance which could have affected the jury's verdict.

3. Defendant urges that the judge erred because he showed, in questions he addressed to one of defendant's witnesses, that he did not believe that witness. But a federal trial judge is not precluded from explicitly saying to a jury that he disbelieves a witness, provided the judge also states that the determination of the facts is for the jury. The judge, in effect, so stated here. Nor can we agree that in any other respects the judge improperly conducted himself.

Affirmed.

CHASE, Circuit Judge (dissenting).

Because I do not think the charge permitted the jury to decide the vital issue of fact raised by the answer and supported sufficiently by the evidence to make the question a substantial one, I cannot agree with my brothers that this judgment should be affirmed.

The failure to charge the substance of the defendant's request that there could be no recovery on the note if the jury found that it "was delivered to Mr. Schlesinger upon the understanding and condition that it was to become enforceable only if the defendant or a corporation organized by him within a reasonable time failed to make purchase of the shoe factory," deprived the defendant of the heart of his defense.

Whether, in the light of the conflicts in the evidence the jury would have decided this issue of fact in favor of the defendant is beside the point. It should be enough for us that there was substantial evidence to show that this note was signed and handed over by the defendant upon the condition that it would not become effective as an obligation binding upon him in the event that he, or a corporation he formed for that purpose, did within a reasonable time buy the shoe factory. The details as to what should be done by way of payment of the loan if the note did not become effective were but a part of the circumstances surrounding the acquisition of the note by the plaintiff. However illuminating those details and an agreement complete as to them may have been in determining whether the note was delivered conditionally as the defendant claimed, failure in proof as to them did not nullify, as a matter of law, the conditional delivery of the note if the jury found that as a matter of fact.

On the contrary, the issue as to delivery was essentially as simple as this. The defendant pleaded and proved sufficiently to make it a question for the jury, that the note was delivered upon the firm condition that if the factory was purchased as contemplated this note should never become effective as his obligation. It is undisputed that the factory was purchased as contemplated. If the plaintiff acquired the note subject to the above condition it never became a valid and enforceable note.[1] Because the above request to charge was refused and the charge as given confused the question of the conditional delivery of the note with what would be an adequate defense to a suit to recover the amount of the loan, the defendant has not yet had the issue he actually tendered lawfully decided by a jury.

I should reverse and remand for a new trial.

---

[1] See Niblock v. Sprague, 200 N.Y. 390, 93 N.E. 1105.